SMITH v. COBURN et al. (No. 548.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 18, 1920. On Rehearing, May 25, 1920.)

1. **Appeal and error** ⊂⊃1011(1)—Court finding on competent testimony not disturbed.

A finding by the trial court, sustained by competent testimony, will not be disturbed though there was sufficient evidence to justify a finding to the contrary.

2. **Estoppel** ⊂⊃118—Evidence held to show that claimant did not know property was included in mortgage.

In a suit to foreclose a mortgage lien, where part of the property was claimed by another, evidence by the claimant that he did not know his property was included in the mortgage, when it was executed in his presence, held sufficient to sustain a finding that he did not consent to the mortgage so as to be estopped to claim the property.

3. **Estoppel** ⊂⊃94(1)—Recording chattel mortgage does not estop one not a party and ignorant of its contents.

The filing of a chattel mortgage in county records does not estop one who had no knowledge of its contents and was not a party to it from claiming the property as his own.

4. **Chattel mortgages** ⊂⊃48 — Description of crop held too indefinite.

A description in chattel mortgage of a crop which does not mention the year in which it was to be raised, nor specify the land on which it was to be grown, is too indefinite to cover the particular crop without proof of intention of the parties to specify the crop.

5. **Appeal and error** ⊂⊃877(2)—Plaintiff cannot complain of judgment for one defendant against another.

Where plaintiff appellant has no interest in a judgment rendered by one defendant against another, and neither defendant complains of that judgment, plaintiff's assignments of error attacking it will be overruled.

6. **Chattel mortgages** ⊂⊃275—Chattel mortgagor not necessary party to issue between mortgagee and adverse claimant.

Where the evidence showed that a chattel mortgagor had no interest in the crop covered by the mortgage, he is not a necessary party in foreclosure suit to issues raised by claimants of the crop as against the mortgagee who had seized it.

7. **New trial** ⊂⊃102(1)—Lack of diligence to procure evidence warrants denial.

A new trial for newly discovered evidence was properly denied where the suit had been pending nearly three years, the witnesses were personally acquainted with plaintiff and his attorney, and plaintiff wholly failed to show diligence in procuring their attendance.

On Rehearing.

8. **Evidence** ⊂⊃601(4)—Proof that tort-feasor bought crop as a certain grade held to warrant finding of grade.

Proof that one who converted a crop of cotton to his own use by seizing it under a chattel mortgage executed by one not the owner, bought it on the basis of middling lint cotton, and resold it so that the owner had no opportunity to establish the grade, is sufficient to warrant a finding that the cotton was of that grade where the tort-feasor made no proof that it was of a lesser grade.

9. **Evidence** ⊂⊃18—Court judicially knows value of cotton depends on its grade.

The Court of Civil Appeals, as a matter of common knowledge, knows that cotton marketed in Texas in any year differs in grade, and that its value materially depends upon its grade.

10. **Appeal and error** ⊂⊃740(2)—Assignment as to finding held multifarious.

An assignment that the court erred in finding that the cotton replevied was middling lint cotton, and in fixing the value thereof it stated price at the time of the trial without de-

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ducting the expenses of marketing, is multifarious, under Courts of Civil Appeals rules 24, 25 (142 S. W. xii), apparently stating three different errors in one assignment.

**11. Appeal and error ⬥⟷742(6)—Assignment not supported by proposition will not be considered.**

An assignment of error to the fixing the value of replevied cotton without deducting the expenses of marketing is not in itself a proposition, and where it is not supported by a proposition of law it cannot be considered.

Appeal from Montgomery County Court; A. W. Morris, Jr., Judge.

Action by C. T. Smith against T. H. Coburn and others. Judgment for plaintiff against defendant Coburn, but in favor of the other defendants, for property claimed by them, and plaintiff appeals. Affirmed.

McCall & Crawford, of Conroe, for appellant.

F. McDonald, of Montgomery, for appellees.

WALKER, J. This suit was instituted in the county court of Montgomery county by appellant, C. T. Smith, against T. H. Coburn, on two promissory notes of $50 each, with interest and attorney's fees, and to foreclose a chattel mortgage lien on a mule, horse, wagon and cows, and on the corn and cotton raised by Coburn and his help on a farm in Montgomery county, Tex. He also made Charley Johnson and G. M. Scott defendants, alleging that they were asserting some sort of claim to this property. Plaintiff sued out a writ of sequestration, and seized the corn and cotton claimed under the mortgage. Coburn was served by publication, and the trial judge appointed counsel to represent him. Defendants Scott and Johnson answered to the effect, first, that they had no interest in any of the property claimed under the mortgage, except the cotton and corn and cotton seed; second, that the corn, cotton, and cotton seed belonged to Johnson, and that Coburn had no interest in it; third, that, in the beginning of the year 1916, Coburn and Johnson agreed to cultivate the crop together, and that Coburn executed a rent note to Scott, who owned the land, and that Johnson agreed that his part of the crop should also be liable for the rent; that Coburn left the country, did nothing towards cultivating the crop, and did not carry out his part of the contract, and that Johnson cultivated the crop by himself, and therefore Coburn had no interest in it. Johnson also prayed for the possession of his crops seized under the writ of sequestration, or the value of same, and for damages for the wrongful levy of the writ. Scott further pleaded a landlord's lien against Johnson's crop, asking for foreclosure of same, and for judgment against Johnson on his rent note, and for the advances made him.

Plaintiff filed a supplemental petition, alleging that Johnson knew that Coburn had executed the mortgage on the crops, was present when the mortgage was executed, claimed no interest in the crops, held himself out as being a hired hand to Coburn, and that Johnson was now estopped to assert any personal interest in the crops; that, if he did not know of the existence of the mortgage as a fact, plaintiff duly filed the mortgage in the proper records of Montgomery county, and that Johnson was given constructive notice of the mortgage and of its contents, and was therefore estopped.

The case was tried by the court without a jury, and judgment was rendered for plaintiff against Coburn for the amount of his debt, with a foreclosure of his lien on all of the property except the crops, and on this issue judgment was against plaintiff. Judgment was for Scott for the amount of his debt against Johnson, and for a foreclosure of landlord's lien on the Johnson crop, and for Johnson for the title and possession of the cotton and corn and cotton seed seized under the writ of sequestration, or their value. To this judgment plaintiff duly excepted, and has brought the case here for revision.

Appellant has filed a very able brief in this case, advancing 25 assignments of error, and as abstract legal questions most of these propositions are sound, but, as we view this case, it is determined by the trial court's conclusions of fact. By proper assignments the correctness of these are questioned by appellant. We will discuss the vital issues without special reference to the assignments.

[1] First. The court found that this crop belonged to Johnson, and that Coburn had no interest in it. There is abundant evidence in the record to sustain this finding. It is true the court could have found contrary to this, but being sustained by competent testimony, we will not disturb this finding.

Coburn and Johnson agreed to work this crop together, Coburn to make ties to pay expenses, and Johnson to work the crop; but Coburn left the county, and in no way complied with his part of the contract. Some of the witnesses testified that he worked on the crop just one-half day.

[2] Second. The court found that Johnson was not estopped to assert a claim to this property. Plaintiff and his witnesses testified that Johnson and his wife were present when Coburn executed the mortgage given to secure the first note, and represented himself as being Coburn's hired hand; made no claim to any interest in the crop. This was denied by Johnson. He said he knew that the plaintiff and Coburn were fixing up some kind of papers, but he thought it was a mortgage on Coburn's ties, and that he had no intimation that it was a mortgage on the crops, and did not learn this fact until long afterwards.

---

⬥⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

This testimony raises an issue of fact. The trial court heard the witnesses, saw their manner of testifying, and we cannot say that he was wrong in making this finding.

[3] The fact that this mortgage was duly filed in the chattel mortgage records of Montgomery county, in view of the fact that Johnson had no actual knowledge of its contents, could not work an estoppel against him.

Third. By proper assignments appellees raise the question that plaintiff's mortgages did not include this crop. The first mortgage is as follows:

"* * * And for such sums —— hereby bargain, sell, and convey, and by these presents do bargain, sell, and convey, unto the said C. T. Smith, his heirs and assigns, the following described property, to wit: [Here follows description of the cows]; and on cotton, corn, and other products raised by —— on my own place or other places in Montgomery county, Texas, or cultivated by me or my help during the year 191—, and all rental interest that may be due —— from renters on said place or places above mentioned, and on my claims, interest, and liens · as landlord for advances made to my tenants or otherwise."

The second mortgage, after describing the cattle, says:

"All the cotton, corn, and other products raised by —— on the —— place or other places in Montgomery county, Texas, and cultivated by —— during the year 191—, and all rental interest that may be due —— from renters on said place or places above mentioned, and all my claims, interest, and liens as landlord for advances made to my tenants or otherwise."

[4] Nowhere is mentioned, in either of these mortgages, the year in which the crop was to be raised, and the second mortgage is entirely too indefinite to include any particular place in Montgomery county. This cross-assignment is well taken.

As we have sustained the trial court in finding that Coburn had no interest in this property, and that Johnson was not estopped, and having found that these mortgages did not include the crops for 1916, it must follow that the trial court was correct in holding that appellant was not entitled to a foreclosure of the mortgage lien on the cotton and corn seized under the sequestration.

The trial court was not in error in fixing the grade of this cotton at middling. The plaintiff bought the cotton, after it was seized under the writ of sequestration, and testified that he bought it as middling. The same line of testimony sustains the court in finding the market value of the cotton seed.

[5] As appellant has no interest in the judgment entered by the court in favor of Scott against Johnson, and as neither of them complains of the judgment, it being entered on their respective pleas, we overrule appellant's assignments attacking the same.

[6] As Coburn had no interest in the crop raised by Johnson, he was not a necessary party to the issues raised by Johnson and Scott and their answer to plaintiff's petition. Plaintiff had seized this crop, alleging that Johnson and Scott were asserting some claim to it. They answered that they were the owners of the crop, thus making an issue between them and Smith, to which Coburn was not a necessary party.

[7] Appellant was not entitled to a new trial because of the newly discovered testimony. This suit had been pending in the county court of Montgomery county nearly three years. These witnesses were personally acquainted with the plaintiff and plaintiff's attorney, and appellant has wholly failed to show proper diligence in securing their attendance.

In view of the disposition made by us of the assignments above discussed, appellant's other assignments become immaterial, and are overruled.

Finding no error in this record, the judgment of the trial court is in all things affirmed.

### On Rehearing.

On rehearing, appellant insists that we are in error in holding that the mortgages introduced by him were void. We did not intend to so hold. All we said was that these mortgages were too indefinite to cover the crops raised by Coburn on the Scott place during the year 1916. By proper pleading and proof, under the rule announced in Perkins v. Alexander, 209 S. W. 789, and Clark-Boyce Lbr. Co. v. Commercial National Bank, 200 S. W. 199, appellant could have shown that it was the intention of the parties to subject to these mortgages the crops to be raised on the Scott place during the year 1916. However, inasmuch as we have sustained the trial court's finding that Coburn had no interest in such crops, a further discussion of this question is immaterial, because appellant could not subject the cotton involved in this suit to these mortgages.

[8] In stating in our original opinion that "the plaintiff testified that he bought it [the cotton] as middling," we misconstrued his testimony. His testimony was that he bought it on the basis of middling lint cotton, and paid the highest price that was offered for it at that time. The record does not show that either of the appellees ever saw this cotton after it was picked. Appellant took charge of it, shipped it out, sold it on the Houston market, and appropriated the proceeds. Also it does not appear that any one except the appellant knew the true grade of this cotton. It affirmatively appears that he had placed it beyond the ability of appellees to show the true grade.

[9] As a matter of common knowledge, we know "that cotton marketed in Texas in any year differs in grade, and its value materially

depends upon its grade." Brass v. Railway Co., 218 S. W. 1040. When appellees traced this cotton into the hands of appellant, and showed that he had wrongfully converted it to his own use, and had placed it beyond their power to show its correct grade, and when they further showed that he had bought the cotton on the basis of middling, and that middling cotton was of the market value of 30¼c per pound, it then became the duty of appellant to show the correct grade of the cotton, and on his failure so to do it will be presumed that affirmative testimony as to such grade would have been against his interests, and that it was to his interest to conceal the correct grade and value of the cotton. At least, when appellant remained silent and failed to show the correct grade, an issue of fact was thus raised against him, and the court's finding on that issue is conclusive on us. Beaumont, Sour Lake & Western Ry. Co. v. Myrick, 208 S. W. 935; Railway Co. v. Day, 104 Tex. 237, 136 S. W. 438, 34 L. R. A. (N. S.) 111; Pullman Co. v. Cox, 56 Tex. Civ. App. 327, 120 S. W. 1060; Pullman Co. v. Nelson, 22 Tex. Civ. App. 223, 54 S. W. 626; Insurance Co. v. Tillman, 84 Tex. 31, 19 S. W. 294.

In Brass v. Railway Co., supra, the Supreme Court held that it was the duty of the plaintiff to show the correct grade and value of the cotton; but in that case it is not shown that the defendant knew the correct grade, or had concealed the grade from the court. Appellant relies upon that case as being in point, and has cited it to us on his proposition of reversible error. We think there is a clear distinction between the two cases.

The court did not err in fixing the value of the cotton seed at $28. This is the sum appellant received for the cotton seed when he sold it. When the cotton was seized under the writ of sequestration, the officer executing the writ employed the defendant Johnson to pick the cotton and paid him for the picking. Under the direction of appellant, the cotton was hauled to the gin, ginned, wrapped, and sold. This expense is taxed as court costs against appellant. The trial court rendered judgment against him for the market value of the cotton as ginned and wrapped, and did not allow any credit for the picking and other expenses incurred. On rehearing appellant insists that we were in error in not sustaining his assignment complaining of this ruling of the court; citing Brown v. Leath, 17 Tex. Civ. App. 264, 42 S. W. 655, 44 S. W. 42.

[10] The sixth is the only assignment we find in his brief raising this issue, which is as follows:

"Because the court erred in finding that the two bales of lint cotton replevied by plaintiff was middling lint cotton, and fixing the value thereof at 30¼ cents per pound at the time of the trial, without deducting the expenses of marketing therefrom."

This assignment is clearly multifarious. It would seem that three different errors are stated in this one assignment. Rules 24 and 25 for Courts of Civil Appeals (142 S. W. xii). Russell v. Old River Co., 210 S. W. 705.

[11] However, waiving this objection to this assignment, we have considered the only proposition advanced under it, which is as follows:

"There is no evidence in this record showing that the two bales of cotton sued for herein, and for which recovery is had in favor of Chas. Johnson against plaintiff and the sureties on his replevy bond, was middling grade cotton of any particular grade."

Though appellant in his assignment of error complains of the refusal of the court to deduct the expenses of marketing the cotton, he does not advance a proposition of law under this assignment showing in what manner the ruling of the court on this issue was error, nor does he advance the assignment itself as a proposition. In view of this fact, we are without authority to consider this question as raised on motion for rehearing. The rule is thus announced in Vernon's Sayles' Civil Statutes, under article 1612, vol. 1, p. 843, where a long list of authorities is collated:

"Assignments of error which are not propositions in themselves, and are not followed by propositions as required by rule 30 (67 S. W. xvi), will not be considered."

As stated in our original opinion, in view of the finding of the court that Coburn had no interest in the cotton in controversy, appellant's assignments, except those discussed by us, become immaterial, and it would serve no useful purpose to discuss them further. The motion for rehearing is in all things overruled.