## WILLIAMS v. SIMON. (No. 6385.)

(Court of Civil Appeals of Texas. Austin. Nov. 2, 1921. Rehearing Denied Dec. 14, 1921.)

**1. Interpleader ⨺23 — Petition held to state cause of action.**

A petition by one who had purchased land subject to vendor's lien notes against a widow and heirs to determine to whom should be paid the indebtedness *held* to state a good cause of action for interpleader.

**2. Interpleader ⨺1—Remedy favored.**

Interpleader is an equitable remedy and favored wherever a debtor or bailee has a reasonable doubt as to the true owner of the fund.

**3. Appeal and error ⨺1010(1)—Finding of facts supported by evidence not disturbed.**

Conclusions of the trial court on the facts will not be disturbed on appeal where they have sufficient evidence to sustain them.

**4. Interpleader ⨺29 — Evidence to justify finding that plaintiff had reasonable doubt as to who was entitled to money. .**

In interpleader suit by purchaser of land subject to vendor's lien notes against widow and heirs, evidence *held* to justify finding that plaintiff had a reasonable doubt as to who was entitled to unpaid notes, and that the suit was instituted in good faith.

**5. Interpleader. ⨺29—Evidence justified finding that plaintiff had no remedy at law.**

In an interpleader suit to determine who was entitled to proceeds of vendor's lien notes, evidence *held* to justify finding that plaintiff had no complete remedy at law.

**6. Interpleader ⨺35—Attorney's fees recoverable.**

Attorney's fees and fees of guardians ad litem and attorneys for nonresident minors may be recovered in an interpleader suit, payable, at least primarily, out of the fund.

**7. Appeal and error ⨺226(1)—Complaint by one defendant that cost should have been taxed against another should be made in lower court.**

One defendant in an interpleader suit cannot complain on appeal that the cost of the suit should have been taxed against other defendants, although primarily ordered out of the fund involved, in the absence of a showing that such relief was sought and was denied.

**8. Costs ⨺182—No allowance for expense of making certified copy of decree.**

Trial court erred in charging a defendant in an interpleader suit with the expense of making a certified copy of the decree and the cost of recording the same; the copy being made and recorded in the county clerk's office by the plaintiff as a muniment of title.

### On Rehearing.

**9. Interpleader ⨺2—Plaintiff held not required to intervene in another suit.**

Where one purchased land subject to vendor's lien notes, and a doubt arose as to ownership of such notes on death of original vendor, he was not required to intervene in a suit between other parties and turn the case into one of interpleader, such pending suit involving several distinct and entirely independent issues from the title to the notes, but could properly proceed in an independent action in interpleader.

**10. Interpleader ⨺6—Plaintiff held entitled to waive contract protection and bring interpleader.**

One who purchased land subject to vendor's lien notes, title to which became so involved in litigation that ownership was doubtful, could waive the benefits of a contract placing the notes in escrow in a bank and requiring indemnity and bring an action in interpleader and have the issue of title to the notes tried and determined by decree of the court releasing the vendor's lien.

**11. Interpleader ⨺12—Defendant cannot complain of overpartiality to self.**

A defendant in interpleader could not complain that suit could not be maintained because plaintiff was not a disinterested stakeholder, in that he had been over partial to such complaining defendant.

**12. Interpleader ⨺10—Plaintiff held in substance a stakeholder. .**

Plaintiff in interpleader *held* in substance a stakeholder for the parties, though he had

---

⨺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

been over partial and favorable to one of the defendants before bringing the suit, having tendered into court all the money involved.

**13. Interpleader ⬤⟹19—Certain minor defendants held not necessary parties.**

In an action in interpleader by purchaser of land subject to vendor's lien notes against widow of original vendor and heirs, minor heirs out of the state *held* not necessary parties defendant.

**14. Appeal and error ⬤⟹187(3)—Defect in parties not to be raised first on appeal.**

In an' interpleader action by purchaser of land, subject to vendor's lien notes, against widow of original vendor and heirs, failure of service by publication to bind minor heirs out of the state could not be raised for the first time on appeal, since such failure could not affect the jurisdiction of the trial court as to the rest of the parties.

**15. Appeal and error ⬤⟹877(3)—Defendant in interpleader held to have no ground for complaint.**

A defendant in interpleader who has a judgment for the entire fund cannot complain of a possibly void judgment as to defendants who were not properly served, who do not complain.

**16. Interpleader ⬤⟹15—Suit held one in rem as to canceling of vendor's lien.**

An interpleader action by purchaser of land within the state, subject to vendor's lien notes, against widow of original vendor and heirs, in so far as it involved a judgment canceling and releasing the vendor's lien, was an action in rem; the money having been deposited in court.

**17. Interpleader ⬤⟹35—Attorney's fees properly allowed nonresident minors.**

In interpleader by purchaser of land, subject to vendor's lien notes, against widow of original vendor and heirs, where the amount due on the notes was tendered in court, there was no error in allowing attorney's fees to the attorneys and guardians ad litem of the nonresident minors, though judgment for the entire fund, except for such fees, was rendered for complaining defendant.

Appeal from District Court, Hays County; M. C. Jeffrey, Judge.

Suit by Henry Simon and Mrs. Louisa Simon against Lizzie E. Williams and others. Plaintiff Henry Simon, having acquired the interest of Mrs. Simon, prosecuted the suit as sole plaintiff. From judgment rendered, the named defendant appeals. Reformed and affirmed.

Charles Rogan, of Austin, for appellant. E. M. Cape, of San Marcos, for appellee.

BRADY, J. This suit was instituted by appellee, Henry Simon, and Mrs. Louisa Simon, against appellant, Lizzie E. Williams, T. H. Davis, as administrator of the estate of H. G. Williams, and other parties who were alleged to be the heirs of H. G. Williams. The action is in the nature of a bill of interpleader, and Henry Simon, having acquired the interest of Mrs. Louisa Simon pendente lite, was permitted to thereafter prosecute the suit as sole plaintiff.

The trial was without a jury, and the court rendered judgment sustaining appellee's right to maintain the action of interpleader, and ordered the fund, paid into the registry of the court by appellee, to be paid to appellant, Mrs. Lizzie E. Williams. The judgment further canceled the notes involved in the suit, and the vendor's lien securing their payment, and made certain findings of fact, which will be hereafter mentioned. The judgment further awarded appellee the sum of $250 as attorney's fee to be paid to his attorney of record, and $50 to be paid to attorneys for certain minors and nonresidents, which attorneys had been appointed by the court. These items were ordered taxed as costs, and to be paid out of the fund in the registry of the court.

The court also directed the clerk to prepare and cause to be recorded in the deed records of Hays county a certified copy of the decree, and directed that the cost of same should also be paid out of the fund. From this judgment appellant has appealed.

It was alleged in the several pleadings upon which appellee went to trial that on June 23, 1914, Mrs. Lizzie E. Williams, joined by her husband, H. G. Williams, conveyed to one Joe Cruze about 1,100 acres of land situated in Hays county, Tex.; that as part consideration for the conveyance Cruze executed and delivered twelve notes, secured by vendor's lien, payable to the order of Mrs. L. E. Williams and H. G. Williams. These notes were each payable on or before their respective maturity dates. It was further alleged that Cruze conveyed the land to Louis and Henry Simon after he had paid the first four notes, and that Louis and Henry Simon assumed the eight notes remaining unpaid, the first of which was due on or before September 1, 1918; that H. G. Williams died intestate on or about July 26, 1914, leaving surviving him as his heirs at law his widow, Lizzie E. Williams, and all the other defendants, except T. H. Davis, who was alleged to be the administrator.

As cause for the interpleader, appellee alleged that he and his coplaintiff had paid all accrued interest on the notes to September 1, 1919, on which date they offered to pay the notes in full, but were unable to determine to whom they should be paid, as appellant claimed the entire amount as her separate property to the exclusion of all other defendants, who in turn also asserted and claimed some interest therein as the heirs of H. G. Williams. Appellee alleged his readiness, willingness, and ability to pay the

notes, upon a proper release of the vendor's lien, but that the defendants had failed and refused to execute such release, that he did not know the nature of the claims of any or all of the defendants and did not undertake to say who was entitled to the fund, although prior to September 1, 1919, he had notified defendants that he was ready, willing, and able to pay the notes, upon the execution of a proper release, and that since such date he has held the fund in trust as a stakeholder, or bailee, for such defendants as are entitled to receive the same.

Appellee further alleged that, by reason of the facts stated, he was compelled to employ an attorney to bring a suit of interpleader, and asked for reasonable attorney's fees to be taxed as costs and paid out of the fund.

In his amended petition appellee averred that, after the execution and delivery of the notes, H. G. Williams, who was one of the payees, by some character of indorsement on the back of the notes, purported to convey them to appellant, Mrs. Lizzie E. Williams, but that the other heirs of H. G. Williams had theretofore contended, and were then claiming, that the indorsement and transfer was made through undue influence, and at a time when H. G. Williams was unable to contract because of his mental and physical condition, and that no written assignment or transfer of the notes was ever acknowledged and placed of record, although the deed in which the vendor's lien was reserved showed the notes were payable to H. G. Williams.

The petition also alleged that the other heirs deny that appellant was the legal and equitable owner and holder of the notes, and claim that she has no right, title, or interest therein; that by reason of the conflicting claims as alleged a reasonable doubt existed in the mind of appellee as to the truth or falsity of the respective allegations and claims of the defendants.

In supplemental pleadings appellee averred that, while Joe Cruze was the owner of the property, Jim Williams, as son and heir at law of H. G. Williams, on or about July 31, 1914, instituted a suit in the district court of Hays county, being cause No. 2465, against Lizzie E. Williams and the other alleged heirs of H. G. Williams, in which it was alleged by Jim Williams that the defendants claimed some interest or title in the notes; that, while this suit was pending, an agreement was entered into between Lizzie E. Williams and Joe Cruze, dated September 1, 1914, which recited the claim of Mrs. Lizzie E. Williams to the notes, and also the pendency of cause No. 2465, and therein Mrs. Williams agreed and bound herself to place the notes in a bank at Austin, Tex., until such time as the suit brought by Jim Williams should be settled and disposed of, or until the court ordered the notes turned over to Mrs. Williams, or some other person.

The agreement further provided that Cruze should not be compelled to pay the notes, or any of them, until the Jim Williams suit was settled or determined, but, if the litigation should be protracted, the bank was authorized to deliver the notes to Mrs. Williams, upon the giving by her of indemnity to Cruze. The rights of Cruze under this contract were duly assigned to appellee, which contract and assignment appear of record in Hays county. By reason of these facts, appellee claimed all the rights of Cruze in the contract, and that Mrs. Williams was still bound thereby, because cause No. 2465 is still pending and has not been settled or disposed of, and no final judgment entered.

It was specifically averred that, if appellee should pay the notes to Mrs. Williams, his land would be incumbered and clouded by liens or claims asserted by the other defendants, and a double liability might be imposed upon him, that interpleader was his only remedy to protect himself and his land, and that he was in no manner interested in the controversy, except to pay the notes to the proper parties, and for his own protection.

[1, 2] We have set out the averments of the petition very fully, because it is earnestly insisted by appellant's counsel that the pleading stated no cause of action, and that the court should have sustained a general demurrer. We have no doubt that the petition stated a good case for interpleader, which is an equitable remedy and favored wherever a debtor or bailee of property has a reasonable doubt as to the true owner of the fund. As against a general demurrer, certainly the pleading embraced all the elements necessary to require or justify an interpleader, and the averments placed appellee in the real relation of a stakeholder between conflicting claimants. The remedy invoked was appropriate, if not necessary to the full protection of appellee's title. Without further discussion, we refer to the following authorities, which are believed to sustain our holding: Nixon v. New York Life Ins. Co., 100 Tex. 250, 98 S. W. 380, 99 S. W. 403; Beilharz v. Illingsworth, 62 Tex. Civ. App. 647, 132 S. W. 106; Pulkrabeck v. Griffith, 179 S. W. 282; McAllen v. Brownsville Masonic Temple, 201 S. W. 660; Zachary v. Gregory, 32 Tex. 452; Bolin v. St. L. S. W. Ry. Co., 61 S. W. 444; Williams v. Wright, 20 Tex. 500; Pomeroy's Equity, § 1328; Joyce on Injunctions, § 564; Stevens v. Germania Life Ins. Co., 26 Tex. Civ. App. 156, 62 S. W. 824.

For the reasons indicated, we overrule the assignment and propositions thereunder complaining of the trial court's action in overruling the general demurrer.

[3] There are also several assignments complaining of the findings of fact by the trial court. It is not thought necessary to prolong this opinion by setting out these findings in detail. They substantially sus-

tain the material averments of the petition, and we believe there was sufficient evidence to sustain them. Upon this hypothesis, of course, we would not be authorized to disturb the conclusions of the trial court on the facts. Jordan v. Brophy, 41 Tex. 283; Blair v. Paggi, 219 S. W. 287; Oil Lease & Royalty Syndicate v. Beeler, 217 S. W. 1054; Smith v. Coburn, 222 S. W. 344.

The testimony of Will G. Barber, Esq., who was the agent and financial representative of Louis and Henry Simon, and who also acted as legal adviser to Mrs. Louisa Simon, shows that he was acquainted with the transaction at the time Joe Cruze purchased the property, and later represented Henry Simon and Louisa Simon when they purchased from Cruze, Mr. Barber represented Cruze in the making of the escrow agreement with Mrs. Williams. His testimony shows that appellee was ready, willing, and able to pay the money, and that he, as agent for appellee, in September, 1919, endeavored to get a release from Mrs. Williams and from Mr. Davis, who he understood was then the administrator of the estate of H. G. Williams, that he discussed the matter with Mr. Davis, who was a party to cause No. 2465, but that he refused to sign a release unless he was paid the money. It is contended by appellant that Davis had already been discharged as administrator, and this seems to be true. However, Mr. Barber testified that he did not know this fact, and that Davis did not so inform him when he discussed the matter of a release.

The testimony of Mr. Barber further shows that his only object in having the suit instituted for Mr. and Mrs. Simon was shown in a letter to appellant, dated September 15, 1919, in which he stated that he desired to secure a full and adequate release from the lien, and that Mr. and Mrs. Simon desired to pay the money and stop interest. He suggested to appellant that she advise with her attorney, and get the matter in proper condition; otherwise he would tender the money into court and make her and the administrator of H. G. Williams parties, and let the court determine the ownership of the fund. The suit was not filed until February 11, 1920.

He also testified that he had written appellant September 20, 1919, and had discussed the matter with Mr. Davis, administrator of H. G. Williams, who, under the advice of his attorney, refused to sign a release unless the notes were paid to him, and that appellant refused to permit the payment of the notes to the administrator. Mr. Barber handled all these negotiations, and testified positively that appellee had no preference as to whom the notes were to be paid, and that the sole object of the suit was to protect appellee from double payment, and to procure a proper release of the lien.

He further testified that the plaintiff, Jim Williams, in cause No. 2465, had attempted to employ him as an attorney to bring suit against appellant, Mrs. Lizzie E. Williams, for certain property then claimed by her, which involved the notes in this suit. His testimony is that Jim Williams had written him letters, both before and after the filing of cause No. 2465, seeking to employ him to recover an interest in the notes. As late as 1919, when cause No. 2465 was being tried, he sought to get Barber to help in the suit, and never notified him that he had abandoned suit upon the notes; that it was his understanding that the heirs were still claiming an interest in the notes, and had never abandoned such claim. That, when Cruze wanted to pay the notes, he required the contract or escrow agreement with Mrs. Williams before he would permit him to pay the money on the note then due, because he thought it was necessary to his protection, and that he had not changed his view about it.

In addition to the testimony of Mr. Barber, Mr. Cape, attorney for appellee, testified that he had made an examination of the index to the minutes of the district court of Hays county, especially as to orders entered in cause No. 2465, and that no order appears therein in any manner mentioning the notes in controversy, nor in any manner disposing of the same. These notes were specifically mentioned in the first amended petition of the plaintiff Jim Williams, and were claimed by him as an heir of H. G. Williams. The other children and heirs of H. G. Williams adopted his pleadings in cause No. 2465, with the exception of the defendant Mrs. Lizzie E. Williams, and the administrator, Mr. Davis. It was conceded that, while the case was tried in 1919, a new trial was ordered, and the case was pending at the time this suit was decided.

Appellant's counsel vigorously contends that, notwithstanding the pendency of cause No. 2465, and the specific claim to the notes in controversy under the original pleadings, the petition was thereafter amended several times, and that all claim to the notes was abandoned, because they were not mentioned in the amended pleadings. It must be borne in mind, however, that this suit was really a partition suit, to which appellee was not a party, and there was never any specific abandonment of a claim to the notes. This result is only claimed by inference from the failure to mention such notes in the later pleadings. It is not shown that the heirs of H. G. Williams disclaimed any interest in or title to the notes when cause No. 2465 was tried. The record is silent upon this point. However, in the amended petitions it is shown that each contained this allegation:

"Plaintiff would respectfully show that H. G. Williams died intestate on the 26th day of

July, 1914, leaving a valuable estate, consisting of land and personal property."

It was also alleged in the amended pleadings that Lizzie E. Williams owns no interest in the estate of H. G. Williams, deceased, and in each it is alleged that prior to the year 1912, and up to the time of his death in 1914, H. G. Williams was in feeble health and over 70 years of age in 1912, that he was weak in body and mind, and that Mrs. Lizzie E. Williams was a woman of strong intellect, keen business judgment, and dominating influence, and in fact dominated him in business matters; and it was alleged that Mrs. Williams procured the deed to her of the property out of the sale of which the notes in controversy arose by fraud and undue influence, and a trust was claimed therein. We think, by implication at least, this would include the transfer of the notes involved in this suit.

[4] In view of the testimony and the pleadings recited above, we think the trial court was justified in concluding that appellee had reasonable grounds for apprehension that the heirs of H. G. Williams, other than appellant, were claiming the title to or some interest in the notes, and that appellee had a reasonable doubt as to who was entitled to the money, and that the interpleader suit was instituted in good faith.

Without further discussion of the findings of fact, we have concluded that all the material findings necessary to support the judgment are sustained by evidence, and the assignments attacking the same are overruled.

There are also some assignments complaining of the court's conclusions of law, which, after due consideration, we have concluded to overrule.

[5, 6] Appellant vigorously assails the judgment of the trial court in awarding attorney's fees to appellee, and also the fee of the guardians ad litem and attorneys for nonresident minors, especially because the suit was unnecessary, in that the plaintiff had a complete remedy at law. The trial court has found otherwise, and, as we think, the conclusion is sustained by the evidence. That such fees are recoverable in an interpleader suit, payable, at least primarily, out of the fund, is sustained by the following authorities: Nixon v. N. Y. Life Ins. Co., 100 Tex. 250, 98 S. W. 380, 99 S. W. 403; Bolin v. St. L. S. W. Ry. Co., 61 S. W. 444; Stevens v. Germania Life Ins. Co., 26 Tex. Civ. App. 156, 62 S. W. 824.

[7] We are not called upon to pass upon the question whether in this suit appellant would have been entitled to judgment over against the other defendants for the amount of the attorney's fees ordered by the court to be paid out of the fund, and we do not decide that question. It is not shown that appellant asked and was denied this relief,

and we do not understand any of the assignments to substantially raise this point, although some of the propositions thereunder state the abstract rules of law. The court having concluded that the interpleader suit was properly brought and necessary for the protection of appellee, and that the debt was legally due to appellant, it would seem that it was impliedly found, as well as indicated by the evidence, that the heirs of H. G. Williams were at fault and responsible for the interpleader. Perhaps appellant would have been entitled to have the attorney's fees and costs taxed against them, although primarily ordered paid out of the fund. There being nothing in the assignments to show that appellant sought this relief and was denied the same, we decline to pass upon the question.

[8] There is an assignment, the ninth, which complains of the action of the trial court in charging appellant with the expense of making a certified copy of the decree, and for the costs of recording the same. This assignment we feel constrained to sustain, as we are unable to perceive any legal or equitable reason for charging such costs to appellant. If appellee desired to have a certified copy of the decree recorded in the county clerk's office as a muniment of title, or for any other purpose, he was, of course, free to do so, but certainly the cost thereof should not be charged to appellant. Therefore this item of recovery will be stricken from the judgment.

All other assignments have been given careful consideration and are overruled. The recovery for the cost of the certified copy and recording the decree is eliminated from the judgment, and in all other respects the judgment is affirmed. The costs of this appeal will be taxed against appellee.

Reformed and affirmed.

On Rehearing.

While we have concluded to overrule appellant's motion for rehearing, we have decided to grant the request for additional findings of fact; and we will briefly indicate our conclusions upon certain questions raised in the motion.

[9] 1. It is earnestly insisted that the general demurrer should have been sustained, because the pleadings of appellee showed that there was then pending in the district court of Hays county a suit between the parties defendant in the present case, involving title to the notes in controversy. We think it is sufficient reply to say that the former suit was one involving several distinct and entirely independent issues from the title to the notes. Appellee was not a party to that suit, and we do not think he was required to intervene therein and turn the case into one of interpleader as to the notes; nor was he

required to await the determination of the complicated and numerous issues of that suit before having the right to pay the fund into the registry of the court to be paid to the parties entitled thereto, and further to have a release of the vendor's lien by decree of court.

[10] 2. It is also urged that appellee pleaded a contract with appellant, placing the notes in escrow in a bank, and requiring indemnity from appellant should he pay the notes, and that this gave him full protection and no interpleader was necessary. This position is in striking contrast to the claim of appellant throughout to the effect that the alleged contract was not available to appellee, was without consideration, and was functus officio. Also it may be added that the record shows that appellant herself had ignored the contract and had brought suit in Travis county upon the notes. Giving the contract its utmost effect, however, it was nothing more than a contract protection to appellee, the benefits of which he might waive, and have the issue of title to the money tried in court between the conflicting claimants, and obtain by decree the release of the vendor's lien.

[11, 12] 3. It is also asserted that the interpleader could not be maintained, because a plaintiff must be in the attitude of an entirely disinterested stakeholder, and that appellee's pleadings showed he was not such, because of entering into the contract referred to, and also because he had paid appellant the past-due interest to September 1, 1920, and that part of the principal had previously been paid to appellant. This proposition presents the anomaly of appellant's claiming that appellee may not maintain his suit because he is over partial and favorable to appellant herself. We do not think it lies in the mouth of appellant to make such claim; but, in addition, these facts do not show that appellee is not in substance a stakeholder. He has tendered into court all the unpaid principal and interest, which is all that is left of the fund in controversy.

[13-15] 4. There is the further claim that the court erred in affirming the judgment, because it affirmatively appears from the record that the trial court had no jurisdiction over two of the minor defendants who resided in New Mexico, and were cited by publication. The trial court appointed attorneys to act as attorneys and guardians ad litem for such minor defendants. This question was not raised below by appellant, nor have such minor defendants appeared by guardian and raised any such question. The appellee appears to be satisfied with his judgment, whether jurisdiction was acquired over such defendants or not. We hold that the minor defendants were not necessary parties, and that in the circumstances of this case appellant cannot raise this question for the first time on appeal, inasmuch as the failure of service by publication to bind such minors, if it did so fail, would not affect the jurisdiction of the trial court as to the rest of the parties and the subject-matter. Appellant has a judgment for the entire fund, and we do not see how any material injury could be claimed by her in the matter of a possibly void judgment as to certain defendants, of which they do not complain.

[16, 17] Furthermore, we think this case, in so far as it involved a judgment canceling and releasing the vendor's lien on land situated within this state, was an action in rem. If this be true, the rule contended for by appellee does not apply. In so far as the suit took on the nature of an action in personam, if it should be held that such minors were not in court for that purpose, it cannot avail appellant on this appeal, and in no wise affected the jurisdiction of the court to render judgment as between the other parties to the suit in all particulars. It follows that there was also no error in the order of the trial court allowing attorney's fees to the attorneys and guardians ad litem of the nonresident minors.

At the request of appellant, we make the following additional findings of fact:

It is not necessary for us to find the effect of the pleadings of appellee in relation to the contract pleaded and the filing and pendency of the suit in cause No. 2465, because these pleadings are in the record and speak for themselves. The same may be said of the request to file findings with respect to the dates of filing cause No. 2465 and certain amended pleadings in the present suit, and as to the defendants named in these suits and their residences. These are matters apparent of record and need no such finding. However, in deference to the request of appellant, we do make the following findings:

This case was tried in the court below October 8, 1920. At the trial of this suit it was agreed by all parties that all the defendants in cause No. 2465 pending on the docket of the district court of Hays county, styled Jim Williams v. Lizzie E. Williams et al., have referred to, adopted, and claimed as their own the pleadings of plaintiff in that cause with the exception of the defendant Lizzie E. Williams and the defendant T. H. Davis, and that they sought the same relief as is sought by the plaintiff therein, and have joined with plaintiff in his prayer in his various pleadings on file in said cause.

With reference to the Jim Williams suit No. 2465 and the contract made between appellant and Joe Cruze the trial court found as follows:

"The court further finds that while Joe Cruze was the owner of the real property above men-

tioned, upon which said eight notes constitute a lien, there was instituted in the district court of Hays county, Tex., in cause No. 2465 on the docket of said court, on July 31, 1914, a suit by Jim Williams, who is one of the defendants in this case, but who was the plaintiff in that cause, against the said Lizzie E. Williams, defendant in this case, and against all other persons who are named as defendants in this case, as defendants therein, wherein the said Jim Williams, as plaintiff, and a son and heir at law of H. G. Williams, deceased, asserted and claimed the eight notes hereinbefore mentioned as belonging to the said plaintiff Jim Williams and the codefendants named in said suit, with the exception of Lizzie E. Williams and the said T. H. Davis, as administrator; that the said defendants, with the exception of the said Lizzie E. Williams and T. H. Davis, claimed said notes as their sole and separate property, and asserted that they, together with said Jim Williams, owned the full fee-simple title thereto as against the defendant Lizzie E. Williams, and that the said defendant Lizzie E. Williams asserted and claimed the full fee-simple title to said notes as against the plaintiff, Jim Williams, and all other defendants, in said cause No. 2465.

"That said suit is yet pending upon the docket of the district court of Hays county, Tex., and that the claim of said plaintiff and defendant as against the said Lizzie E. Williams to the title to said notes yet remains undecided by a judgment of this court and undisposed of; that the claim of the said Jim Williams and the defendants in said cause No. 2465 to said notes has never been by said plaintiff or either of said defendants in any manner abandoned, but is yet asserted, and the said Jim Williams and the defendants in said cause No. 2465 did claim, until after the institution of this suit by the plaintiff herein and the filing of his first amended original petition herein and his first supplemental petition herein, the full title to said notes and the debt and liens evidenced thereby; that the defendant Lizzie E. Williams during all of that time claimed and yet claims the full title to said notes and the liens securing payment thereof, and that the claim of the said Jim Williams and said defendants and the claim of the said Lizzie E. Williams are conflicting.

"That after the institution of said suit on July 31, 1914, in said cause No. 2465, and for a valuable consideration, the said Lizzie E. Williams did make and enter into a certain contract in writing with the said Joe Cruze, dated September 1, 1914, and is of record in volume 70, at page 532, of the Deed Records of Hays County, Tex.; that by the terms of said contract said Lizzie E. Williams and the said Joe Cruze agreed, and the said Lizzie E. Williams did bind herself, that the identical notes described in the plaintiff's pleadings herein were to be placed in escrow in the hands of the American National Bank at Austin, Tex., to be by said bank held until such time as said cause No. 2465 pending in the district court of Hays county, Tex., wherein Jim Williams was plaintiff and the said Lizzie E. Williams and others were defendants, was either settled or disposed of, or until said court did

order said notes turned over to the said Lizzie E. Williams or some other person.

"That said contract is binding upon the said Lizzie E. Williams, and the said Henry Simon is entitled to all of the rights and privileges which would exist in favor of the said Joe Cruze thereunder.

"That said cause No. 2465 has never been settled nor disposed of, and that said court has never ordered said notes turned over or delivered to the said Lizzie E. Williams or to any other person, and has never adjudged the interest of the said Lizzie E. Williams or any other person therein prior to the institution of this suit.

"That by the terms of said agreement and contract the said Joe Cruze and this plaintiff were not compelled to pay said notes, or either of them, or any part of them, until said suit of the said Jim Williams was either settled or determined, and that said suit has never yet been settled or determined.

"That said bank was authorized by said agreement to deliver said notes, in case of protracted litigation, to Mrs. Lizzie E. Williams, upon satisfactory security being given by her to the said Joe Cruze, or those holding under him, and in this case to the plaintiff Henry Simon, indemnifying said Cruze and Simon against any liability on said notes in case of the payment of same or any part thereof by them or either of them.

"That neither Joe Cruze nor appellee have ever waived any of their rights under said contract, and that the said Henry Simon is entitled to all of the terms and provisions of said contract as they existed in favor of the said Joe Cruze.

"That said contract is in all things binding upon the said Lizzie E. Williams, defendant herein, that the same has never been in any manner modified or changed, and that the plaintiff herein has since the purchase of the property by him, and that his predecessors in title since the execution and delivery of said contract have at all times, relied upon said contract and agreement, and are entitled to rely upon same, and that such contract and agreement is yet in full force and effect."

In his petition appellee alleged that he paid to appellant all the interest accrued on the notes in suit up to September 1, 1920. The trial court found as a fact that he had paid all interest accrued thereon to that date. The trial court also found as a fact that Joe Cruze executed and delivered to Lizzie E. Williams and H. G. Williams, twelve promissory notes for the sum of $1,000 each, payable to their order, on or before one to 12 years from their date, dated June 23, 1914, in part payment of the purchase money for the land described in the petition, deeded by them to said Cruze on the last-named date, bearing 6 per cent. interest, payable annually; that said property was thereafter conveyed to appellee as alleged by him, who assumed the payment of the notes in suit. The trial court further found as a fact that

appellee offered and tendered payment of the full principal and interest due on said notes into the registry of the court, and that he had paid all interest due on them to September 1, 1920. He further found that at the date of the trial there was due on said notes the sum of $8,054.67, which sum was paid into the registry of the court.

The trial court further found as a fact that in cause No. 2465 Jim Williams in his original petition filed in said cause asserted that the said Jim Williams and the defendants in that suit, with the exception of appellant and T. H. Davis, by virtue of being the heirs at law of H. G. Williams, deceased, were the owners of the land and personal property therein described, including the notes involved in this suit, and that all the defendants in said cause, except appellant and T. H. Davis, adopted the pleadings of the said Jim Williams and joined with him in the prayer for the relief sought by him, including a judgment for the notes, and that Jim Williams and all the other defendants in that suit, who are heirs of H. G. Williams, except appellant, claim said notes as their separate property and estate, and appellant owns no interest in same, and that they are entitled to recover the same.

There was no guardian ad litem appointed by the court to represent the defendant Cecelia Williams, a minor, and there was no answer filed for her. N. A. Rector filed a waiver of the issuance and service of citation upon her and entered an appearance at the September term, 1920. The trial judge made and entered of record in this cause the following order appointing Saunders & Whipple, as attorneys and guardian ad litem for the minor defendants, Edgar and Clara Williams, viz.:

"On this the 8th day of October 1920, in open court, at a regular term thereof, and as provided by law, it was made known and appeared to the court, upon satisfactory proof, that the defendants Edgar Williams and Clara Williams, minors, have been duly cited of the time and place and in the manner required by law to appear and answer herein, such citation having been made by publication, and, neither of said defendants having appeared in person and answered herein, the court thereupon did constitute and appoint and does here constitute and appoint Thos J. Saunders and Lester S. Whipple, composing the firm of Saunders & Whipple, attorneys at law and members of the bar of this court, as the attorneys and guardians ad litem for said minor defendants Edgar Williams and Clara Williams. It is therefore and accordingly by the court ordered, adjudged, and decreed that said attorneys be, and they are hereby, appointed, and it is made their duty to appear and represent the interests of the defendants Clara Williams and Edgar Williams herein in all things."

Motion for rehearing is overruled.

---

⟐⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes