

# THE ATTORNEY GENERAL
## OF TEXAS

August 31, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable W. C. Kirkendall
District Attorney
25th Judicial District
113 South River, Suite 205
Seguin, Texas 78155

Opinion No. JM-779

Re: Whether a district attorney is required to reimburse a county clerk for services rendered pursuant to a bond forfeiture proceeding

Dear Mr. Kirkendall:

You ask whether a district attorney's office is required to pay a fee to the county clerk to file an abstract of a final judgment issued against a principal or surety in a bond forfeiture proceeding. We conclude that the district attorney need not pay such a fee.

A bond forfeiture proceeding is a criminal action, but after the entry of a judgment <u>nisi</u> all further proceedings are governed by the Rules of Civil Procedure. Code of Crim. Proc. art. 22.10; <u>Tinker v. State</u>, 561 S.W.2d 200 (Tex. Crim. App. 1978); <u>Blue v. State</u>, 341 S.W.2d 917, 919 (Tex. Crim. App. 1960). Article 22.14 of the Code of Criminal Procedure specifically provides that final judgments in bond forfeiture proceedings "shall be collected by execution as in civil actions." If a bond forfeiture hearing is concluded with a judgment in favor of the state, then the award can be secured, at least in part, by the creation of a lien against real property belonging to a judgment debtor. To create such a lien, an abstract of judgment must be filed in the county clerk's office for each county where real property of the judgment debtor is to be found. V.T.C.S. art. 5447, 5448. Filing the abstract of judgment creates a lien against any property owned, or after-acquired, by the judgment debtor. A lien is valid for an initial period of ten years if the judgment on which it is based does not become dormant. Article 5499, V.T.C.S. art. 5449.

The county clerk is authorized by section 51.318 of the Government Code to charge a fee for recording abstracts of judgment. But

article 3912e,[1] at section one, provides, in part, that

> [n]o district officer shall be paid by the State of Texas any fees or commissions for any service performed by him; nor shall the State or any county pay to any county officer in any county containing a population of twenty thousand (20,000) inhabitants or more . . . any fee or commission for any service by him performed as such officer . . . provided further, that the provisions of this Section shall not affect the payment of costs in civil cases or eminent domain proceedings by the State. . . .

V.T.C.S. art. 3912e, §1.

In Attorney General Opinion WW-628 (1959), this office observed that:

> It is noted that the prohibitions contained in Sections 1 and 3 of Article 3912e . . . concerning the payment of fees or commissions by the State do not apply to the payment of <u>costs</u> . . . by the State where the fees earned constitute a part of the cost assessed against the State in a particular case. <u>Therefore, such cost must be paid by the State as provided by law rather than as a fee to the individual officer.</u> (Emphasis added.)

<u>See also</u> Attorney General Opinions M-134 (1967); WW-658 (1959); WW-508 (1958); O-807 (1939). <u>Compare</u> Attorney General Opinion M-168 (1967) (filing fees in criminal cases need not be paid).

The charge levied by a county clerk for recording an abstract of judgment is not a "cost" in the sense that word is used in article 3912e; as such, the district attorney need not pay it. This office has previously concluded that the fee charged by a county clerk for recording an abstract of judgment in a tax delinquency suit is not a part of the "costs" attributable to the litigation on which the judgment is based. Article 3912e thus excuses the state from paying the statutory fee. <u>See</u> Attorney General Opinion MW-308 (1981). <u>Cf.</u> <u>Williams v. Simon</u>, 235 S.W. 257 (Tex. Civ. App. - Austin 1921, writ

---

1. Article 3912e, V.T.C.S., has been repealed and replaced, effective September 1, 1987, with the Local Government Code. <u>See</u> Acts 1987, 70th Leg., ch. 149, §§1, 49.

dism'd w.o.j.) (recording a "muniment of title" has never been recognized as generating a "cost" taxable to a party on a suit).

### S U M M A R Y

The county clerk is authorized by the Government Code, section 51.318 to charge a fee for recording an abstract of a final judgment. The clerk may not collect the fee when a district attorney seeks to file an abstract of a final judgment from a bond forfeiture proceeding, article 3912e, section 1, V.T.C.S.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Don Bustion
Assistant Attorney General