B. ZACHARY AND OTHERS v. D. G. GREGORY, GUARDIAN, ETC.

1—To a suit by a guardian on a note made to him as guardian, it is no answer to set up the fact that the plaintiff had ceased to be such guardian by reason of his former wards having attained their majority or married.

2—The legal title to the note being in the plaintiff as guardian, suit was well brought in his name and fiduciary capacity, notwithstanding his guardianship may have lapsed.

3—If the defendants had cause to distrust the authority of the plaintiff to collect the money due on the note, their proper course was to bring the money into court and require the plaintiff and his former wards to interplead.

4—It was not error to refuse a continuance asked for the purpose of making parties of the former wards of the plaintiff, when the only defense relied on was that the plaintiff's guardianship, and his right to sue on the note made to him as guardian, had ceased by reason of his wards having married and attained their majority.

ERROR from Fayette. Tried below before the Hon. George W. Smith.

The facts sufficiently appear in the opinion.

*Webb & Jarmon*, for the plaintiffs in error.—Our statute provides (Art. 959 O. & W.'s Digest) that every guardian shall continue in office, unless sooner discharged, " *until the minor, if a male, shall arrive at the age of twenty-one years, and if a female, until her marriage.*"

The power of Gregory ceased as guardian, so far as Prudence, Lurana and Martha Murchison were concerned, upon their marriage. As soon as they married, his power over their property ceased; and as the evidence showed that they married

before the commencement of this suit, he had no power to sue for them.   He alleged himself to be guardian of the property of *the heirs* of Murchison, but by the certificate which he himself presented, he did not show that he was guardian at all of Duncan Murchison, and yet Duncan Murchison was proven to have been one of *the heirs*, and also that he was a party to the partition.   In short, though the evidence showed that there were *five* heirs of John Murchison, deceased, Gregory only represented one of them.   Suppose Duncan Murchison had had possession of the note sued on, could he have prosecuted a suit for the whole sum, and to foreclose the lien, when his interest was only *one-fifth?*   No ; nor could Gregory any more prosecute for the whole, when he represented only *one-fifth.*

It is a principle of law too familiar to require a reference to authority, that all the parties at interest must be before the court.

The evidence in this case showed conclusively that four of the five parties at interest were not before the court.

Three of them were married women, and their husbands also should have been made parties.

Does this judgment preclude them from claiming from Zachary their part ?   Certainly not, because the plaintiff was no longer by law authorized to act for them.   There was, then, no protection to the defendants, and when the court was made apprised of the fact that there were four interested parties not before the court, it should have continued the case to make them parties.   A defect of parties may be taken advantage of, even on the trial, although not pleaded.   (Holliman v. Rogers, 6 Tex., 91.)   The defendants took the precaution to plead the defect in this case, and no effort was made by the plaintiff to make the parties.

In conclusion, we think it clear both that the court erred in refusing to continue to make the parties, and also that the judgment was contrary to the law and the evidence.

*J. R. Burns*, for the defendant in error.—The errors assigned are two :

1. That the court erred in refusing a continuance to enable the defendants to make *new parties*, as prayed for in their answer.

2. The judgment is contrary to law and the evidence.

We will notice the assignments in their order.

Upon the first, we make the following points :

First—A continuance is a matter of legal discretion with the court, and the presumption is that the court did not err in the exercise of this discretion.

Second—By reference to the " answer," we notice that after naming certain supposed heirs of Murchison, there is a statement substantially to the effect that all but one of them have attained majority by reason of age or marriage. That the plaintiff has no power to maintain a suit in his said capacity, etc. That the defendants are informed and believe that the said heirs deny the claim of said Gregory to the possession of the note; deny his power to sue thereon as he *has done*, and *claim* that they alone have power to collect or receive the respective portions of each of them ; wherefore, he ought not to recover, etc.

After other like vain repetitions, there follows a prayer that said heirs " be made parties plaintiffs to the suit, and that they be cited to answer the same." All this that it may be determined " who of right and of law should recover upon said note ;" and without proposing to bring the money into court, the answer very strangely winds up with a reference to " equity " and good conscience.

Upon all this matter we remark, that the right of the plaintiff to bring this suit in his fiduciary capacity is past questioning.

He might have even brought suit in his own name.

(1 Parsons on Notes and Bills, p. 155, and authorities, Id., note (n.) ; Martel v. Hermshenor, 5 Tex., 205 ; Andrews v. Hoxie, Id. 172 ; Thompson v. Cartwright, 1 Tex., 87 ; McMillan v. Croft, 2 Tex., 397 ; Groce v. Herndon, 2 Tex., 410 ; Knight v. Hollman, 6 Tex., 153 ; McKinney v. Peters *et al.*,

Dallam, 545; Lipscom & Gillespie v. Ward, Id., 277; Winebish v. Holt, 26 Tex., 673; Butler v. Robertson, 11 Tex., 142.)

All along in the reports, from Dallam up to the twenty-sixth volume, we meet with authorities upon this well settled point. The raising of this question in the present case must have been with a view to attempt in this court to ward off *damages for delay.*

Third—As a matter of practice, where, as in this case, parties are served with citation on the 27th of January, 1860, and then wait until the 19th of May following, until the case is called for trial, to ask a continuance to make new parties plaintiffs to the suit, and that they be cited to answer the same at the next term of the court, was not the exercise of *diligence* in the prosecution of their right, if any they had. Besides, it was asking the court a very unreasonable thing, no less an absurdity than to order in " new parties," and make them at once both plaintiffs and defendants to the same cause of action.

This may not have been intended, but it is the legal effect of the prayer. But our answer, to which the plaintiffs in error can make no reply, is this: Had the case been a proper one for the interpleading of other parties for the protection of the defendant in the payment of the note, they had it in their own power to set up the facts to authorize it, and to have proceeded with their cause by an original bill in due form, and on depositing the money in court, they would have been protected by a judgment between all parties.

A very simple equity proceeding would have accomplished it.

But this was not done, and, from the pleadings, it is clear no such state of case existed.

WALKER, J.—On a proceeding in partition between the heirs of John Murchison, deceased, certain lands which had belonged to deceased and descended to his children were sold. The plaintiff in error became the purchaser. The defendant in error, Gregory, had been appointed guardian of the property

of the heirs of John Murchison, deceased, and Zachary executed to him a promissory note, to secure the purchase money, in the sum of $5360 30, payable on the first day of January, 1860. The note was not paid at maturity, and Gregory brought suit upon it in his fiduciary capacity, asking the court to enforce the vendor's lien upon the land sold to Zachary. Personal security had been taken upon the note, and the court would have some doubt about enforcing a vendor's lien in such case; but this question was not raised below, nor is it in this court; and we, therefore, pass it without further notice, except to say that, by the common law, the vendor's lien is lost when personal security is taken for the purchase money. Yet our statute makes it the duty of guardians and administrators making sales of real estate, to secure the purchase money both by personal security and by lien on the land, and this was probably done in this case.

Gregory brought his suit on the note of Zachary and others, on the 24th of January, 1860, and the defendants below denied his right to sue and recover on the note, alleging that by the marriage of certain of the daughters of John Murchison, deceased, and the majority of his son, Gregory was no longer the guardian of their property. This defense was overruled by the District Court, and a judgment was given on the note, with an order of foreclosure. The defendants excepted, and assign for error that the court erred in refusing them a continuance to make the heirs of Murchison (who had attained their majority before suit) parties, and that the judgment was contrary to law and evidence.

The right of Gregory to sue on the note and to recover on it, has been long settled in the courts of this State. The decisions commence with the case of Thompson v. Cartwright, 1 Texas R., p. 87, and run on through to the case of Winebish v. Holt, 26 Texas R., p. 673. There is no doubt that the legal holder of a promissory note may maintain an action upon it in his own name, though the equitable ownership of the note be in another. Had the defendants below really and

*bona fide* doubted the right of Gregory to collect the money due from Zachary, they should have brought the money into court, and filed a bill of interpleader, and compelled the heirs of Murchison, and Gregory, to settle their relative rights to the money.

The law of the case is so plainly against the plaintiff in error, that we feel bound to regard the case as one for delay, and therefore affirm the judgment below with damages.

Affirmed with damages.