McALLEN v. BROWNSVILLE MASONIC TEMPLE ASS'N. (No. 6033.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 16, 1918. Rehearing Denied March 13, 1918.)

MORTGAGES ⟨⟩338—FORECLOSURE BY POWER —RESTRAINING EXERCISE — PETITION — INTERPLEADER.

Petition to restrain sale under power in mortgage given by plaintiff to defendant's deceased husband, based on the theory that plaintiff was ready to pay, but did not desire to pay to defendant, because it was doubted that she had authority to give valid releases, is insufficient, it, while alleging she was executrix, and that assignments from deceased to her of the secured notes had been recorded, stating on information and belief that they were obtained by duress and while deceased was mentally incapable, and that they were merely transferred to her in trust, and that action in which the plaintiff therein claimed to own the notes had been brought against her, and that another had been appointed guardian for her infant children, who it was alleged on information and belief owned four-fifths of the amount of the notes, it not being alleged that she would not give releases as executrix, trustee and individual, and there being an adequate remedy by interpleader, with payment of the money into court.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Suit by the Brownsville Masonic Temple Association against Margaret R. McAllen. From an order granting temporary injunction, defendant appeals. Order set aside, and cause remanded.

Canales & Dancy, of Brownsville, for appellant. E. K. Goodrich and Jas. A. Graham, both of Brownsville, for appellee.

FLY, C. J. This is a suit for injunction to restrain the sale of certain property under a deed of trust, and this appeal was perfected from an interlocutory order granting a temporary injunction restraining appellant "from making sale of the above-described property on the first Tuesday in December, 1917, as you have advertised to do," and further providing:

"You are hereby directed to refrain from further asserting and attempting to exercise ownership of and from further attempting to collect in any manner, other than through some judicial proceeding in some court having jurisdiction of such matters, said note above referred to, or either of them, and from in any way attempting to enforce the lien securing the payment of said notes, except in some court authorized by law to entertain jurisdiction of such a proceeding, until the matters involved in this suit shall have been finally settled by final judgment herein."

That order was obtained without notice to appellant, and is based upon a petition alleging, in substance, that appellee had executed two promissory notes to James B. McAllen, one for $6,000, and one for $600, and gave as security therefor certain mortgages on what is known as the "old courthouse property" in Brownsville, Tex., the first of said notes being dated June 29, 1914, and the sec-

ond October 9, 1914. Copies of the mortgages were attached, and gave the power of sale to the trustee named therein under certain conditions. It was admitted that the notes were due and unpaid. It was alleged that James B. McAllen died on November 18, 1916, leaving a duly and legally executed will in full force and effect which disposed of his entire estate; that appellant, his surviving wife, had procured the probate of the will, and was appointed executrix as provided in the will; that appellant had placed on record assignments to her of the two notes executed by appellee, and said assignments are attacked on the ground that they were procured from her husband while he was under duress and mentally incapable of executing the same; and that they were never delivered by him and were not intended as assignments, but that the property was merely transferred in trust to her. The charge as to duress and incapability was made upon information and belief. It was also alleged that in a certain suit, styled Cleofas Guarjardo De McAllen v. Margaret R. McAllen, it was claimed that the plaintiff owned the two notes in controversy; that A. Wayne Wood had been appointed temporary guardian of the estate of certain minor children of appellant and her deceased husband; that in a certain suit filed by appellant she sought to set aside the appointment of Wood as guardian and sought the appointment for herself; that said suit was tried, and the appointment of Wood confirmed, and the cause had been appealed. The following was alleged:

"That since the conditions hereinbefore alleged arose and have been in existence the plaintiff herein has been ready, willing, and able to pay off and satisfy said indebtedness in full, conditioned only that some person or persons legally authorized so to do upon the payment of said debt execute and deliver to this plaintiff a proper release, releasing the property described in said mortgages copies of which are hereto attached as exhibits from the liens therein created, but as a result of the conditions hereinbefore set out, in the judgment and opinion of plaintiff herein there could be no certainty as to who was authorized to execute such release and as to who was in fact the owner of the notes copies of which are hereto attached, and plaintiff has on more than one occasion offered and proposed to pay off and satisfy said indebtedness upon the execution and delivery to it of proper releases, releasing the liens on its property created by said mortgages, and it here now alleges and would show to this court that as soon as, or within a short time thereafter, as it may legally be decided or settled as to who is the owner of the notes due and owing by it, and as to who is the owner of the liens upon its property securing the payment of said notes, it will be ready, willing, and able, and here now offers and proposes, to pay off and satisfy said notes upon the execution and delivery to it of proper releases, releasing its property from the liens securing the payment of said notes."

It was alleged upon information and belief that the minors owned four-fifths of the amount of the notes, and that the temporary guardian alone could execute a valid release of the liens on appellee's property; that appellant had advertised the property for sale on the first Tuesday in December, 1917, and it was asked that she be restrained from making such sale.

It is not alleged that the suit of Cleofas Guarjardo De McAllen et al. v. Margaret R. McAllen had any merit or justice in it, and while it was alleged that appellant was made a trustee by the assignment of the notes to her, there is no direct allegation that she had repudiated the trust, nor that she would not as executrix, trustee, and in her individual capacity execute receipts for the money and give releases for the liens, if the money had been paid to her. She was the duly appointed executrix of the last will and testament of her deceased husband, and there is no allegation to the effect that she was not required to and did not give an ample bond as executrix which would protect the minors in all property owned by them under their father's will. The allegations do not attempt to state that appellant was not ready and willing to execute the releases of the liens in her capacity of executrix or in any and all capacities in which she might be acting or authorized to act. If, as alleged by appellee, the assignments were made to appellant in trust for her children, it would seem that she, as trustee, would have the authority to accept the money due on the notes and execute releases of the liens. It is certain that as trustee she would be authorized to collect the amount due on the notes, and it would follow that as trustee she would be empowered to execute the necessary releases of liens by which the debts were secured. It must be presumed that she would have given the releases as trustee, as executrix, or as an individual, or in all three capacities.

If she had collected the money as an individual and had given releases as an individual, we believe that the releases would have been binding as against the estate she represented, but, if not, there is no allegation that she refused to execute the releases as the executrix or trustee. In one of those capacities she had legal control of the estate, with power to make collections and give all necessary receipts, releases, or acquittances.

The remedy by injunction is exclusively one in equity, and in a petition seeking the remedy the pleader can leave nothing to inference, but the facts must be fully and clearly stated upon which the writ is sought. Not only must the petition state every fact affirmatively necessary to obtain the relief, but must negative every inferable defense that might arise from the facts stated. Applying these rules to the allegations as to the suit that was alleged to be pending against appellant by Cleofas Guarjardo De McAllen presents no basis whatever for the issuance of a writ of injunction. The fact that some person has sued an executrix and

claims the property of the estate could furnish no ground for a refusal to pay debts due the estate, and especially so when there is no allegation as to the suit being well founded. Indeed, the only ground, it seems, upon which the allegation as to the suit rested is that therein appellant claimed the notes as her property.

The executrix of the estate was alone authorized to collect the debts due the estate, and the appointment of a temporary guardian of the estate of the children would not impair or destroy her right to collect the debts. It is made the duty of the executor to use diligence to collect the debts due the estate, and he is made liable on his bond, if such diligence is not used. Rev. Stats. art. 3353. The statute contemplates and provides for the appointment of guardians for minors, while an estate is being administered by an executor or administrator, and he can no more interfere with the administration than can any one else interested in the estate. Article 3354. The executrix of the McAllen estate had full authority to collect debts due the estate, and would be liable for any misappropriation of the funds, but her right to collect would not be impaired by an intended misappropriation. The presumption under the allegations is that she had given a bond as executrix, but, if she has not, the guardian of the minors or any other party interested in the estate may require her to execute a bond. Articles 3364–3367. Suits instituted or that may probably be instituted by any one against the executrix of the estate can be of no consequence to appellee, if it pays its debt to the executrix and obtains her receipt therefor, and there is no equity in granting an injunction against appellant on those grounds.

The theory upon which this suit was instituted was that appellee did not desire to pay the money to appellant because it was doubted that she had authority to give valid releases of the liens on appellee's property. It was admitted that the debts were just, due, and unpaid, but, while asserting willingness, readiness, and ability to pay the debt, no interpleader of contesting parties was filed nor money tendered into court. Under the operation of the injunction the money could not be collected, appellant could not exercise ownership over the notes except as directed in the writ, nor endeavor to enforce the contract liens except in the manner prescribed until this suit shall finally terminate. If nothing but protection was desired, it could have been obtained by depositing the money in court for the court to determine to whom it belonged. Appellee owed the money, the estate was entitled to it, and appellee should not have interposed any obstacles to its collection.

When doubt exists in the mind of a debtor or bailee of property as to whom the debt is due or the property belongs, he may by interpleader bring all parties into court and have a determination of the matter of ownership. However, in such case the plaintiff must bring or pay, or offer to bring or pay, the entire thing, fund, or money in controversy into court, and a failure to do so renders the bill demurrable. Pomeroy's Eq. Jur. § 1328; Zachary v. Gregory, 32 Tex. 452; Joyce, Inj. § 564. An expression of willingness to pay under certain circumstances is not an offer to bring or pay the money into court.

As executrix of the estate of her deceased husband appellant was authorized to collect the debts due the estate, and was authorized to collect by notice and sale as contracted for in the deeds of trust. She held the notes, and she alone was authorized to collect them. She was not seeking, as asserted by appellee, to convert the property of the estate into money, but was seeking to perform the duties required of her by law in the collection of the debts justly due the estate.

The order granting the injunction is set aside, and the cause remanded.