**LIGON v. GREENWALL. (No. 11874.)***

Court of Civil Appeals of Texas. Fort Worth.
Nov. 19, 1927.

Rehearings Denied Dec. 17, 1927.

1. Interpleader ⬥==>18—Where administrator and others claimed right to payment of debt, "interpleader" held proper, pending appeal from judgment awarding property to one of claimants.

Interpleader, by debtor, against administrator and claimants to property of estate who claimed right to receive debt, held proper pending appeal from judgment attempting to close administration and awarding property to one of claimants, notwithstanding contentions that prior judgment authorized payment of debt to administrator and that court rendering the later judgment was without jurisdiction.

2. Interpleader ⬥==>29—Evidence held to sustain finding that before interpleading defendants, plaintiff had attempted to pay debt and secure releases from defendants.

Evidence, in suit in the nature of an interpleader, held to sustain finding that before suit was filed plaintiff offered to pay debt and attempted to secure releases from all defendants who were claiming right to receive debt.

3. Interpleader ⬥==>35 — Plaintiff filing interpleader and paying fund into court held entitled to costs and attorney's. fees out of fund when distributed.

Plaintiff filing interpleader in good faith and without collusion to determine ownership of fund paid into court held entitled to costs and attorney's fees out of fund when distributed.

4. Attorney and client ⬥==>141—$2,000 attorney's fees for filing and trying interpleader held so excessive as to "shock the conscience" and remittitur of $1,250 required.

$2,000 attorney's fees for representing plaintiff in suit in the nature of an interpleader, where issues were simple and no great time in preparation was required, held so excessive as to shock the conscience of the appellate court and require reversal, unless $1,250 remittitur was filed, notwithstanding trial court's finding that $2,000 was reasonable fee was supported by testimony.

Appeal from District Court, Tarrant County; James E. Mercer, Judge.

Suit by Mitchell W. Greenwall interpleading W. L. Ligon, administrator of the estate of Maggie De Beque, deceased, Frank De Beque, May De Beque, a minor, and Guy J. Price, Jr., guardian of the estate of May De Beque, wherein defendant W. L. Ligon, as administrator, brought a cross-action. From a judgment for plaintiff, W. L. Ligon, as administrator, appeals. Affirmed in part, and reversed and remanded in part, unless plaintiff files remittitur of part of allowance of attorney's fees.

Virgil R. Parker, T. J. Powell, and R. C. Armstrong, Jr., all of Fort Worth, for appellant.

Ross, Ross & Alexander and McCart, Curtis & McCart, all of Fort Worth, for appellee.

BUCK, J. Mitchell W. Greenwall sued Frank De Beque, W. L. Ligon, purporting to be the administrator of the estate of Maggie De Beque, deceased, May De Beque, a minor, and Guy J. Price, Jr., guardian of the estate of May De Beque, and for cause of action alleged: That W. L. Ligon was theretofore the duly appointed, qualified, and acting administrator of the estate of Maggie De Beque, deceased, that Guy J. Price, Jr., was the duly appointed and qualified guardian of the estate of May De Beque, a minor, and that Frank De Beque claimed to have been the common-law husband of Maggie De Beque, deceased. That on or about January 21, 1924, plaintiff made and executed his eight promissory notes in part payment for certain lots purchased; note No. 1 being for $2,500, due 6 months after date, note No. 2 for $2,500, due 12 months after date, and notes 3 to 8, both inclusive, for $5,000 each, due on or before 2 to 7 years, respectively, after date, said notes reciting that they were payable to the estate of Maggie De Beque. That plaintiff paid note No. 1 for $2,500 unto said W. L. Ligon, as administrator of the estate of Maggie De Beque, deceased, and that said Ligon, under orders of the probate court as administrator, executed a release of said note and the lien securing the same. That on May 13, 1924, the county court of Tarrant county entered an order authorizing said Ligon as administrator to sell the above-described note No. 2 to Stella E. Daggett, and that plaintiff subsequently paid said note in full to Stella E. Daggett, and the same was released by her. That, after the execution of said notes by plaintiff and the payment of the first two notes, plaintiff learned that Frank De Beque and W. L. Ligon, as administrator, and May De Beque, by her guardian, Guy J. Price, Jr., and other parties not necessary here to mention, were parties to a suit involving the estate of Maggie De Beque, deceased, the suit being cause No. 66897, styled Frank De Beque v. W. L. Ligon, Administrator, et al., and by the terms of the judgment in said suit a decree was entered to the effect that the three parties not involved in this appeal were to be paid the sum of $7,500 each out of said estate, and that all the property of the estate of Maggie De Beque was the community property of herself and Frank De Beque. That May De Beque was the adopted child and only child of said Maggie De Beque, and that the estate of Maggie De Beque should go in equal portions to said Frank De Beque and May De Beque. That subsequently, on April 4,

1925, an order was entered in this cause, setting aside the above judgment, and on April 15 thereafter judgment was entered in said cause, based upon a verdict of the jury specially finding that May De Beque was a minor, and that her guardian and next friend was Guy J. Price, Jr., and that said minor and her guardian were to have and recover from the defendant W. L. Ligon and other parties all of the six unpaid vendor's lien notes executed by plaintiff. That said Ligon did not appeal from said last-named judgment, but that an appeal was taken by Frank De Beque, without his filing a supersedeas bond, and that a writ of error is now pending in the Supreme Court. That May De Beque and her guardian are claiming that said above six notes are the property of said May De Beque, and that they are entitled to receive payment thereof from plaintiff, and are demanding the same, and are contending that said judgment entered on April 15th is a final judgment as against Ligon, by reason of his not appealing therefrom. That said Ligon has possession of said notes, and is claiming the same as administrator of the estate of Maggie De Beque, and is insisting that same be paid to him as said administrator, and is contending that said judgment hereinbefore mentioned is not a final judgment against him, for the reason that it is therein adjudged that it be certified to the probate court for observance. That said Ligon is still contending that he is the administrator of the estate of Maggie De Beque and as such is entitled to collect said note, in face of the fact that by said judgment said May De Beque and her guardian recovered judgment of him for the title and possession of said six notes, and in the face of the fact that he did not appeal from said judgment. That, in said suit pending before the Supreme Court of Texas ([Tex. Com. App.] 292 S. W. 157) Frank De Beque is claiming that he is the surviving husband of Maggie De Beque, and that said notes are a part of the community estate of himself and his deceased wife, Maggie De Beque. That he, as such community survivor, is entitled to the possession, control, and disposition of said six notes.

Plaintiff alleged that by reason of said three claims to the title and right of possession of the unpaid six vendor lien notes he was uncertain as to which one of the three he should make payment of the notes, and secure a valid release thereof; that he could not, because of said conflicting claims, safely pay the notes and interest to either of said conflicting claimants upon his release alone. Hence he interpleaded W. L. Ligon as administrator, May De Beque and her guardian, Guy J. Price, Jr., and Frank De Beque, and paid into court the amount he claimed to be due, which, with interest, amounted to $32,-341.13.

Frank De Beque answered by a general demurrer, a general denial, a plea of estoppel, and further pleaded that W. L. Ligon as administrator of the estate of Maggie De Beque was entitled to recover from plaintiff the full amount of principal, interest, and attorney's fees as provided in said notes.

W. L. Ligon answered by way of a general demurrer, and specially admitted the execution of the notes by plaintiff, payable to the estate of Maggie De Beque, deceased. He specially pleaded a judgment rendered in the district court of the Forty-Eighth judicial district, Tarrant county, which authorized Carl M. Johnson, commissioner, to convey by proper deed the property and real estate described in plaintiff's petition to plaintiff, and to accept eight vendor's lien notes in the aggregate principal sum of $35,000 therefor, payable to the estate of Maggie De Beque, deceased. He alleged that as administrator of the estate he was entitled to the payment of said notes, and he prayed for a judgment against plaintiff for his debt, interest, and attorneys' fees and for a foreclosure of the vendor's lien.

May De Beque pleaded the judgment of April 15, 1925, rendered by the Ninety-Sixth judicial district court of Tarrant county, in which said minor through her guardian recovered a judgment against Frank De Beque and W. L. Ligon, as administrator. In her answer she recited that only Frank De Beque appealed therefrom, and the judgment of the district court was affirmed by this court (286 S. W. 749), and that a writ of error had been granted by the Supreme Court, and the case at the time of the filing of the answer was pending in the Supreme Court. She prayed for an abatement of this suit, at least pending the decision of the Supreme Court. She entered a general demurrer and a general denial.

As to the plea of plaintiff that he be allowed attorneys' fees for bringing the suit, she alleged: That just prior to the filing of this suit Aubrey Alexander, of the firm of Ross, Ross & Alexander, called upon Edwin T. Phillips, one of the attorneys of May De Beque, and Guy J. Price, Jr., as guardian, and stated that Mr. Greenwall wanted to pay off these notes, and Alexander was then and there advised by Edwin T. Phillips that so far as this estate was concerned they did not insist nor care about these notes being paid off at that time, and that they would prefer that same be allowed to continue drawing interest until the final determination of the issues in the cause now pending in the Supreme Court. That, while Mr. Alexander did advise said attorney that Mr. Ligon, as administrator, was willing to execute a release, he did not leave the impression or advise said attorney that it was imperative that some action be taken to allow Mr. Greenwall to pay these notes. That Phillips told Alex-

ander that May De Beque, to whom these notes had been adjudicated in the judgment pending in the Supreme Court, would not insist upon these notes being paid because one or more of said notes was past due, and that, so far as she was concerned, or her guardian, they would not request the payment of said notes, and said minor's estate, being the owner of same, would not do anything that would be detrimental to the rights of plaintiff. That he did not see how the administrator could insist upon attorneys' fees if the property was finally adjudicated to May De Beque by the Supreme Court, and that at least said minor and her guardian would do anything that was reasonable and would not inflict any hardship upon Greenwall. That Mr. Alexander did not advise the attorneys for said minor that he was going to file a suit or interpleader, nor that it was absolutely necessary at this time that this matter be determined, or else some action would have been taken by way of agreement with all parties to relieve plaintiff from any responsibility. That, without so advising said attorney or the guardian of May De Beque, this suit was filed by plaintiff. She prayed that, if a judgment be entered herein, the property be decreed to be that of the said May De Beque, awarding the same to Guy J. Price, Jr., the guardian of her estate, and that no attorneys' fees or costs of suit be allowed to plaintiff or his attorneys, but that all costs of this proceeding be taxed against them.

The cause was tried before the court without the intervention of a jury, and the trial court held that the plea in abatement of May De Beque, or Guy J. Price, Jr., should be overruled, in so far as the plaintiff was concerned, and that all special exceptions to the original petition on the part of other defendants should be overruled. The court further found: That on or about the 1st day of January, 1924, in a suit entitled W. L. Ligon, Administrator, v. Mitchell W. Greenwall, numbered 66200 on the docket of the Forty-Eighth judicial district court, the plaintiff Greenwall executed and tendered certain promissory notes, and that Carl M. Johnson, as commissioner, was authorized to execute to plaintiff a deed to the lots in question, situated in Fort Worth, Tarrant county. That said notes were payable on or before the respective maturity dates, and that plaintiff, prior to the time he filed his original bill of interpleader, on, to wit, September 25, 1926, elected to pay the full amount due, both principal and interest, on each and all of said promissory notes. That on said September 25, 1926, and after said plaintiff elected to pay said notes, and when he filed his original bill of interpleader herein, the full amount of both principal and interest due and unpaid on all of said notes was the sum of $32,341.13. That plaintiff learned prior to said time that W. L. Ligon, as administrator of the estate of Maggie De Beque, deceased, Frank De Beque, and Guy J. Price, Jr., as guardian of the estate of May De Beque, were each claiming that he was the owner and holder of each and all of said notes, and entitled to receive payment thereof, and, as there was a reasonable doubt both at law and in fact as to which of said defendants was the legal and equitable owner and holder of said notes and entitled to receive payment thereof, and there was such reasonable doubt as to which of said defendants plaintiff could safely pay said notes, that plaintiff had paid into court said sum of $32,341.13, and that he had agreed that he would pay to his attorneys a reasonable attorneys' fee, and the court concluded that $2,000 was a reasonable and proper fee to pay said attorneys, and that same should be taxed as a part of the costs herein, and paid out of the fund deposited by the plaintiff. That it further appearing that defendants had not pleaded in the suit against each other, and the plaintiff was in no way interested in the respective rights and claims of the defendants as against each other to said funds, and was neither a proper or necessary party to a suit between said defendants involving ownership of said funds. That plaintiff is entitled to have the matters in controversy between him and the defendants as a body kept separate and segregated from any controversy that has arisen or may hereafter arise as between the defendants as to their respective rights and claims to the funds deposited by plaintiff.

It was accordingly adjudged that plaintiff have and recover of and from said defendants, and each of them, judgment in the amount so paid by him into court, and said sum so paid into court stand in the place of and in lieu of the notes hereinabove described, and the vendor's lien retained upon the property to secure the payment thereof; that said plaintiff do have and recover from said defendants and each of them judgment forever canceling the six notes hereinabove described, and the vendor's lien retained therein. It was further decreed that plaintiff recover $2,000 attorneys' fees, and that said attorneys' fees be taxed as a part of the costs in the suit, and the clerk of the court was directed to pay said $2,000 to the plaintiff and take his receipt therefor, and to pay all costs of the suit out of the funds so deposited in the court by plaintiff; and the question as to which of said defendants said costs shall be finally taxed against shall await the final disposition of this case between the defendants herein on their pleadings. It was further adjudged and decreed by the court that defendants herein and each of them be required to plead as against each other, on or before the 1st day of March, 1927, setting up their right, title, claim, and

interest as against each other in and to the balance of the funds on deposit herein and held by the clerk of the trial court. It was further adjudged and decreed that W. L. Ligon, administrator of the estate of Maggie. De Beque, take nothing by his cross-action against plaintiff, Greenwall, and that the costs of such cross-action be charged against defendant W. L. Ligon as administrator. It was further adjudged and decreed that each of the defendants be denied any other relief that may have been requested by them, and that this cause as between said defendants on their respective rights and claims to said funds as against each other be set over for ·hearing after said defendants have interpleaded as between each other. All of the defendants gave notice of appeal, but only W. L. Ligon, as administrator of the estate of Maggie De Beque, has perfected his appeal.

### Opinion.

[1, 2] In disposing of the questions presented in appellant's brief, we will not seek to discuss the various assignments of error separately, but merely discuss those questions which we believe are essential to a proper disposition of this appeal.

An attack is made on plaintiff's right to file this suit in the nature of an interpleader. It is urged that the trial court erred in not sustaining the demurrer to the petition. We are of opinion that the trial court ruled properly. An interpleader is defined by Black's Law Dictionary as:

"When two or more persons claim the same thing (or fund) of a third, and he, laying no claim to it himself, is ignorant which of them has a right to it, and fears he may be prejudiced by their proceeding against him to recover it, he may file a bill in equity against them, the object of which is to make them litigate their ·title between themselves, instead of litigating it with him, and such a bill is called a 'bill of interpleader.'"

See 2 Bouvier's Law Dictionary, p. 1657.

In Stephenson v. Burdett, 56 W. Va. 109, 48 S. E. 846, 10 L. R. A. (N. S.) 748, the subject of interpleader is discussed at length, with a number of citations. In this case it was said, quoting from the headnotes:

"The relief sought by plaintiff having such interest, and praying an interpleader, must be - a vested equitable interest, for the protection of which there is necessity for the settlement of the contention of the defendants, and not a mere anticipated interest or benefit which may come to him as' the result of the desired adjudication between the defendants. The plaintiff cannot require them to litigate with each other for the purpose of determining whether he has an interest, but only for the purpose of enabling him to perfect his equitable title."

See Johnston v. Lewis, 4 Abb. Pr. (N. S. [N. Y.]) 150; B. & O. Ry. Co. v. Arthur, 10 Abb. N. C. (N. Y.) 147; Yates v. Tisdale, 3 Ed. Ch. (N. Y.) 71—all cited in Stephenson v.

Burdett, supra. There are some other cases cited in the notes in Stephenson v. Burdett under section C, entitled, "Interpleader between Vendor and Vendee" which apparently are to the contrary, but our Texas cases seem to support the right of one who owes a debt to interplead the several claimants thereto, in order to settle the matter, before he makes the payment. Nixon v. Malone, 100 Tex. 250, 98 S. W. 380, 99 S. W. 403; Zackary v. Gregory, 32 Tex. 452; Williams v. Wright, 20 Tex. 499; Bolin v. St. L. S. W. Ry. Co. (Tex. Civ. App.) 61 S. W. 444, writ of error denied; Williams v. Simon (Tex. Civ. App.) 235 S. W. 257.

Appellant seems to rely upon the cases of U. P. P. L. Co. v. Britton, 264 S. W. 576, writ of error refused, and Thompkins v. Hooker (Tex. Civ. App.) 200 S. W. 193. In the first-cited case, by the Amarillo Court of Civil Appeals, the court held that, quoting from the headnote:

"It is the general rule that a bill of interpleader comes too late when application therefor is delayed until after judgment has been rendered in favor of one of the claimants of the fund, and this is especially true where the holder of the fund had notice of the conflicting claims prior to the rendition of such judgment and an opportunity to implead the adverse claimants in the suit in which such judgment was rendered."

Appellant urges that the evidence shows that in the judgment of the Forty-Eighth district court, entitled W. L. Ligon, Administrator, v. Mitchell W. Greenwall, rendered February 7, 1924, all of the parties involved in this suit were parties therein. This suit in the Forty-Eighth district court apparently was in the form of trespass to try title to the property herein involved, as between Ligon, administrator, and Greenwall, and the other parties interested were made parties defendant. The court awarded the property to Greenwall, subject to the vendor's lien retained in these notes. At that time Greenwall had a contract signed by Maggie De Beque, in which she agreed to sell the property to Greenwall for $52,000—$17,000 in cash, and $35,000 in vendor's lien notes. In his answer to that suit, evidently Greenwall was trying to enforce this contract, and the trial court held that he was entitled to the relief prayed for. But, subsequent to that, the suit in the Ninety-Sixth district court awarded to May De Beque all of the property of Maggie De Beque's estate, as against Ligon, administrator, and Frank De Beque. Frank De Beque appealed, the judgment of the trial court was affirmed by this court, and upon appeal to the Supreme Court the judgment of both inferior courts was reversed. The judgment in the Ninety-Sixth district court, awarding title to all of the property of the estate to May De Beque, evidently was filed subsequent to the judgment in the Forty-Eighth district court, for judgment was rendered in the Ninety-Sixth district court on April 15, 1925.

At the time of this trial, the judgment of the trial court and of this court had not been disturbed, which judgments awarded to May De Beque the title to the property of the estate. Therefore we think this case is differentiated from the case of U. P. P. L. Co. v. Britton (Tex. Civ. App.) 264 S. W. 576, relied on by appellant.

We think the evidence sustains the finding of the trial court that, at the time suit was filed by plaintiff herein, and prior thereto, he had attempted to secure a release from Ligon, as administrator, from Guy J. Price, Jr., as guardian of the estate of May De Beque, and from Frank De Beque. He had secured a loan of $50,000, and had the money with which to pay off the notes. He went to Ligon and tendered him a check for $5,900, and offered to pay all the notes, with interest. if he and the other parties at interest would jointly sign a release. Ligon stated that he was the administrator and proper party to whom the notes should be paid. He made no effort, apparently, to secure a release from the guardian of the estate of May De Beque, or from Frank De Beque. Mr. Alexander, the attorney for plaintiff, went to see Mr. Phillips, attorney for May De Beque, and Judge Mike E. Smith, attorney of record for Frank De Beque, and each of them declined to join in such release, stating that they feared such action would prejudice the rights of their client. Thereupon, upon the advice of his counsel, this suit was filed. We think the facts and conditions shown justified his action in filing the suit in spite of the existence of the judgment heretofore mentioned in the Forty-Eighth district court. We do not think that the plaintiff below was required to determine which of the three claimants was entitled to the title and possession of the notes; this was a matter about which courts had disagreed, and it took the decision of the Supreme Court to determine what was the law with reference to this case. The judgment of the Ninety-Sixth district court attempted to close the administration of the estate of Maggie De Beque, deceased, and, until that order was set aside, or declared nugatory by some higher court, we think that the plaintiff below was justified in feeling that he could not safely pay to Mr. Ligon, as administrator, the notes in question, and receive from him a release which would have been binding against the estate, and would have secured him in the title to the property as against the claims of May De Beque and Frank De Beque. It is urged that this part of the judgment of the Ninety-Sixth district court is nugatory, and that it was beyond the jurisdiction of the court to render it. But this question is also one concerning which a layman, as plaintiff was, perhaps was not qualified to determine.

[3, 4] We have examined the assignments of error not heretofore discussed, and find no reversible error shown, except as to the $2,000 allowed as attorneys' fees. We conclude that the trial court had authority to allow an attorney's fee under the circumstances shown in this case, but think that the fee allowed is excessive. In Bolin v. St. L. S. W. Ry. Co. (Tex. Civ. App.) 61 S. W. 444, it is held that, where plaintiff, in good faith, and without collusion, files a bill of interpleader, asking that the court determine the ownership of a fund which he does not own, and which is adversely claimed, he is entitled to his necessary costs and attorneys' fees out of the fund when distributed. A writ of error was denied in this case. To the same effect is Stevens v. Germania Life Ins. Co., 26 Tex. Civ. App. 156, 62 S. W. 824, writ of error denied. The evidence before the trial court consisted of the testimony of several lawyers upon the question of what was reasonable attorneys' fees, and the testimony varied from $1,800 to $2,500 or $3,000. The defense introduced no testimony upon this issue. While we hesitate to question the finding of the court upon this issue, where the finding is sustained by the evidence, yet, where the judgment shocks the conscience of the court, as this part of the judgment does, an appellate court should reverse the judgment of the lower court. We do not think that the issues involved in this case are complicated or that it necessarily required any large amount of preparation and study to prepare for the filing of the case, or to try it. It seems to us that the issues are simple, and that ordinarily it should not have required more than two days' time to try the case. In Mangold v. Bacon, 237 Mo. 496, 141 S. W. 650, opinion by the famous Justice Lamm, whose ability as a jurist and whose wit and humor enlivened and illuminated the pages of the reports of Missouri for many years, it is held that, where a judgment shocks the conscience of a court, by reason of its inadequacy or excessiveness, that a court of equity, or one exercising the powers of equity, should set aside the judgment. In that case it is said:

"The phrase 'shock the conscience' means causing the moral sense, the inward monitor, to be stunned, to recoil. Now courts of equity are primarily courts of conscience. Their ancient office was to deal with matters of conscience. When a cause is in chancery, it is in conscience. The full consideration given this question in the majority and dissenting opinions (q. v.) when this case was here before must temper and circumscribe new exposition. We think the conservative and better doctrine is that a court of equity in Missouri, acting with caution and only in an aggravated case and when no aid from other equitable considerations is at hand, may set aside a sheriff's deed on the sole ground of a consideration so grossly inadequate as to shock the conscience."

Other authorities might be cited. The question of excessiveness vel non of this item of costs is raised in appellant's fourth assignment of error, in which it is said that the court erred in paragraph 11 of his findings

wherein he finds $2,000 as a reasonable fee for plaintiff's attorneys in this cause. The evidence as to the reasonableness of this fee, which is introduced by plaintiff, shows that said amount was predicated upon the assumption that this suit filed by plaintiff involved $32,000 or more. The evidence as to the nature of the suit shows that it was brought by plaintiff in order that he might pay the debt and secure a proper release; that it was not a suit over the right to $32,000, or property of that value, but that Greenwall was merely a stakeholder with no interest whatever in the title to the money involved in this suit.

We do not think that the suit involved the principal sum of the notes and interest, but merely involved the continuation of the interest on the notes. None of defendants insisted on the payment of the notes, and in fact it appears that they stated to plaintiff, when approached about the matter, that it would be best to allow the notes to remain unpaid until settlement of the matters in controversy between the defendants had been made. It is true that plaintiff wanted to clear up the title to his property as he had already contracted to sell it, and he had a right to pay the notes before maturity, but so far as he was seeking relief from the defendants, or any of them, it was merely a question of interest, which he wanted to stop.

We are of the opinion that $500 would be a reasonable and generous attorney's fee to be charged in a suit of this kind, and that $750 is certainly as large a fee as should be charged under the circumstances. Therefore the judgment of the trial court, in so far as it adjudicates the merits of the case, is affirmed; but the judgment as to attorney's fee is reversed, and the cause remanded for a new trial on that question alone, unless the appellee, plaintiff below, shall file in this court within 15 days a remittitur of $1,250. The cost of appeal to this court will be adjudged against appellee.

Affirmed in part, and reversed and remanded in part, unless a remittitur shall be filed.