**MEGARGEL DRILLING COMPANY,**
Appellant,

v.

**CITY NATIONAL BANK IN WICHITA FALLS, Texas et al., Appellees.**

No. 16259.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 17, 1961.

Rehearing Denied Jan. 5, 1962.

Kouri, Banner & Darden, and Jack G. Banner, Wichita Falls, for appellant.

Fillmore, Schaeffer & Fillmore, and Roy Schaeffer, Wichita Falls, for appellee City National Bank in Wichita Falls.

Anderson & Latham, and Henry J. Anderson, Wichita Falls, for appellee Sid Taylor.

BOYD, Justice.

Sid Taylor sued John D. Myers in Cause No. 67045–C and filed an application for writ of garnishment against City National Bank in Wichita Falls. The writ was issued and served on January 6, 1961. On January 11, Taylor filed a petition for authority to amend his application for garnishment and at a hearing which was set for and held January 13, an order was entered of record authorizing the filing of an amended application. An amended application for garnishment was filed on January 16.

On January 23, the bank answered, admitting that it held as escrow agent certain funds payable to Myers, alleged that Megargel Drilling Company had on January 9 caused a writ of garnishment to be served upon it in a suit against Myers, being Cause No. 67054–C; and prayed that the two suits be consolidated and that the garnishee be protected in the determination of the priority of claims.

Vincent Murphy and F. L. Livingston, doing business as Megargel Drilling Company, filed a plea of intervention in Taylor's suit, alleging that they were interested in the funds held by the bank, and moved that Taylor's garnishment be quashed on the ground that there was a fatal defect in the application for garnishment, and for that reason the court had no jurisdiction, and could not authorize the amendment. No attack was leveled at the validity of the debt underlying Taylor's garnishment proceedings or upon the propriety of a garnishment.

Taylor moved to dismiss the intervention, alleging that it had been filed without prior permission of the court, that it would delay Taylor's action, and that interveners were without right to contest Taylor's claim to the fund.

On February 3, a hearing was had, at which Taylor, the bank, and the interveners appeared by counsel, and Taylor's motion to dismiss the intervention was sustained. The court found that Taylor's garnishment lien was prior and superior to Megargel Drilling Company's garnishment lien, and entered judgment for Taylor against the garnishee for the funds held by it and belonging to Myers. On the same day the court entered an order in Cause No. 67054–C, Megargel Drilling Company v. City National Bank, finding that the garnishment lien of Sid Taylor was prior and superior to the garnishment lien of interveners. From the judgment in Taylor's case the interveners have appealed. Neither Myers nor the bank perfected an appeal.

Taylor's original application for garnishment begins: "NOW COMES Sid Taylor, Plaintiff in the above entitled and numbered cause, and makes application for the issuance of a writ of garnishment * * and being duly sworn, says * * *." The application was signed by Steve Latham as attorney for the plaintiff. The officer's certificate was to the effect that the application was sworn to by Sid Taylor. The writ was issued and served on the basis of the original application.

Taylor's petition to correct the application for garnishment prayed for authority

to change the allegation: "Now comes Sid Taylor, Plaintiff in the above entitled and numbered cause and makes application for the issuance of a writ of garnishment against the City National Bank in Wichita Falls, Texas as garnishee, and, being duly sworn says," to read: "Now comes Sid Taylor, Plaintiff in the above entitled and numbered cause, by and through Steve Latham, his attorney of record of Wichita Falls, of the County of Wichita, Texas and who being duly sworn says that he is attorney of record for Sid Taylor, is duly qualified and authorized to make this affidavit and is fully cognizant of the facts herein set out and makes application for the issuance of a writ of garnishment against the City National Bank in Wichita Falls, Texas, as garnishee * * *." The petition also prayed that the officer's jurat to the application which read, "Sworn to and subscribed before me by the said Sid Taylor * * *" be changed to read: "Sworn to and subscribed before me by the said Steve Latham, attorney of record for the Plaintiff, Sid Taylor * * *." The court granted the authority to amend the application for garnishment in the respects as prayed for. Neither the defendant Myers nor the bank questioned the sufficiency of the application or the amendment procedure.

Appellants say that no evidence was offered at the hearing when appellee was granted permission to amend his application for garnishment; appellee says evidence was offered; and the court did not say, but did find that the amendment would be in the furtherance of justice. Rule 679, Texas Rules of Civil Procedure, provides that clerical errors in the affidavit for garnishment may be amended on application in writing, in such manner as the judge shall authorize by an order entered in the minutes. Whether the court found that the officer actually administered the oath to Steve Latham, the attorney, and the insertion of Sid Taylor's name in the jurat and in the application itself resulted from clerical errors, cannot be determined from the record. However, since we believe for another reason the judgment must be affirmed, it is unnecessary to consider whether the court properly permitted the amendment.

A question for determination is whether appellants had a right to question the sufficiency of Taylor's application for garnishment, or the manner of its amendment.

In Reinertsen v. E. W. Bennett & Sons, Tex.Civ.App., 185 S.W. 1027, 1029, it is said: "The question narrows itself down to this: Can Bennett & Sons and Winkler, creditors of the Baker Manufacturing Company, with garnishments subsequent to Reinertsen, and who were impleaded in Cause No. 1140 by the garnishee, question the sufficiency of Reinertsen's garnishment proceedings, or is the right to question the same limited to the original defendant, Baker Manufacturing Company, and the garnishee, Zimmerman Land & Irrigation Company? * * * The rights of an intervener are limited. If, because of a jurisdictional matter, the fund is not before the court, the intervener cannot come in. The court's jurisdiction of the property or fund must therefore be conceded, for he gets his right to intervene because of the fact that the fund or property is before the court. So it follows that to say that, because of the absence or an insufficient affidavit or bond, the court had no jurisdiction of the fund is equivalent to saying that there has been no intervention. * * * So we conclude that the right to abate an attachment or garnishment on account of defects in affidavit, bond, etc., irregularities, is restricted to defendants, and is not allowed to creditors subsequently taking out writs. Goodbar, White & Co. et al. v. Bank of S. Springs, 78 Tex. 461, 14 S.W. 851."

We think appellants were not in a position to urge that the garnishment be quashed.

The judgment is affirmed.