Jim COCKRUM, Appellant,

v.

CAL–ZONA CORPORATION, Inc. et al., Appellees.

No. 16238.

Court of Civil Appeals of Texas.

Dallas.

Oct. 4, 1963.

Rehearing Denied Nov. 15, 1963.

Ernest May, Earnest R. Hawkins and W. A. Hawkins, Fort Worth, for appellant.

McDonald, Sanders, Nichols, Wynn & Ginsburg, Atwood McDonald, Fort Worth, and Cervin, Stanford & Akin, Dallas, for appellees.

BATEMAN, Justice.

Garnishment proceedings. The appellee Cal-Zona Corporation sued out a writ of garnishment addressed to the appellee Mills Brokerage Company and another in aid of its suit in the same court against Sidney Zimel for debt in the sum of $8,625.00. The garnishees answered that prior to the service of the writ Zimel had written them a letter stating that he had assigned his interest in the indebtedness to the appellant Jim Cockrum, and stating that if the assignment were effective garnishee would not be indebted to Sidney Zimel in any amount, but that if the assignment were not effective the garnishee Mills Brokerage Company would owe Zimel $6,474.36. Appended to the answer was a "bill of interpleader" making Jim Cockrum a party to the garnishment suit on the ground that he was a necessary party in order to protect the garnishees from double liability, adding that garnishee Mills Brokerage Company was "ready, willing and able at all times to tender the sum of $6,474.36 into this court and for this court to determine whether Cal-Zona Corporation, Inc. or the cross-defendant, Jim Cockrum, is entitled to said sum." Citation was served upon Cockrum on November 28, 1962 in Alamosa, Colorado. Attached to the citation so served on him was a copy of the garnishees' answer and said bill of interpleader.

On December 13, 1962, Cal-Zona Corporation, Inc., filed an unsworn "First Supplemental Petition" alleging that the purported assignment from Zimel to Cochrum was without consideration and was made for the fraudulent purpose of defeating the plaintiff's claim, and that Cockrum had no interest in the funds in the hands of the garnishee. No citation on this supplemental petition was issued or served on Cockrum.

Cockrum's appearance day was December 24, 1962. He did not answer, and on December 26 the court rendered an interlocutory order reciting his failure to answer, and annulling his purported assignment. On January 10, 1963, this became final and the garnisheed funds were awarded to the appellee Cal-Zona Corporation, Inc.

◼ Appellant's first point of error on appeal is: "No Jurisdiction of the garnishment." He says now, for the first time on this appeal, that the judgment against him should be reversed because the application for garnishment was not sworn to as required by Art. 4076, Vernon's Ann.Tex. Civ.St. As said by the Houston Court of Civil Appeals in Gottesman v. Toubin, Tex.Civ.App., 353 S.W.2d 294, 299, no wr. hist.: "We think the defect in the affidavit is not fundamental or jurisdictional, but is one that may be waived. It does not render the garnishment proceedings void." See also Megargel Drilling Co. v. City Nat'l. Bk. in Wichita Falls, Tex.Civ.App., 352 S.W.2d 796, err. ref. n. r. e.; Mundy & Co. Inc. v. Houston Bk. & Tr. Co., Tex.Civ. App., 254 S.W.2d 793, no wr. hist.; and Seinsheimer v. Flanagan, 17 Tex.Civ.App. 427, 44 S.W. 30, err. ref.

◼ When the plaintiff and the garnishee treat the garnisheed fund as a trust fund to be awarded to those who would come in and by proper pleadings and evidence show a right thereto, the garnishment becomes of no importance, and the absence of oath to the application for gar-

nishment must be held to have been waived. Reinertsen v. E. W. Bennett & Sons, Tex. Civ.App., 185 S.W. 1027, err. ref.

The first point is therefore overruled.

◼ Appellant's second point of error on appeal is that the court had no jurisdiction over appellant. This point must be sustained. Appellant was served in Colorado. There is no pleading or proof that he was then a citizen of Texas, temporarily absent from the State; therefore, the service in Colorado did not give the Texas court jurisdiction over appellant's person. Bonanza, Inc. v. Lee, Tex.Civ.App., 337 S.W.2d 437. It follows that unless this proceeding was one *in rem* or *quasi in rem* the judgment against appellant must be set aside.

Although it was held in United States Rubber Co. v. Poage (5 Cir., 1962) 297 F.2d 670, 673, and by this court in Gibson v. National Life & Accident Ins. Co., Tex. Civ.App., 294 S.W. 923, 925, affirmed 1 S.W.2d 583, that a garnishment is a proceeding *quasi in rem*, it was also said by the San Antonio Court of Civil Appeals in McAllen v. Brownsville Masonic Temple Association, Tex.Civ.App., 201 S.W. 660, 662, no wr. hist.: "When doubt exists in the mind of a debtor or bailee of property as to whom the debt is due or the property belongs, he may by interpleader bring all parties into court and have a determination of the matter of ownership. However, in such case the plaintiff must bring or pay, or offer to bring or pay, the entire thing, fund, or money in controversy into court, and a failure to do so renders the bill demurrable. Pomeroy's Eq.Jur. § 1328; Zachary v. Gregory, 32 Tex. 452; Joyce, Inj. § 564. *An expression of willingness to pay under certain circumstances is not an offer to bring or pay the money into court.*" (Italics ours)

◼ If the garnished fund is not actually paid into the registry of the court, it must be tendered and the tender, in order to be valid, must be unconditional, 25 Tex.Jur.

58, "INTERPLEADER" Sec. 8; 33 Tex. Jur.2d 125, "INTERPLEADER" Sec. 10.

The Texarkana Court of Civil Appeals, in Richey v. Stanley, Tex.Civ.App., 38 S.W.2d 1104, no wr. hist., quoted the following from 38 Cyc. 143: "In order to make a valid tender of either money or chattels, the thing to be tendered must be actually produced and offered to the party entitled thereto, *a mere offer to pay being insufficient;* and the tenderer must place the money or property in such position that his control over it is relinquished for a sufficient time to enable the tenderee, if he so desires, to reduce it to possession by merely reaching out and laying hold of the money or thing; and *a person is not bound to say whether or not he will accept the money or thing until it is produced."* (Italics ours)

See also the two opinions of the Amarillo Court of Civil Appeals in Universal Credit Co. v. Cole, Tex.Civ.App., 146 S.W.2d 222, 227, no wr. hist., and Wall v. Wall, 181 S.W.2d 817, 820, no wr. hist.

■ In the light of the foregoing authorities, and since it is clear that the sum in question was neither paid into the registry of the court nor unconditionally tendered, we hold that the case was only a personal action, and that since the court did not have jurisdiction over the person of appellant the judgment against him must be reversed.

■ Of course, this question of lack of personal service within the jurisdiction will not be present at the retrial of the case. By prosecuting this appeal the appellant is presumed to have entered his appearance. Rule 123, Vernon's Texas Rules of Civil Procedure; Bonanza, Inc. v. Lee, supra.

■ Appellant's third point of error on appeal is: "No case for Interpleader." In spite of its disarming brevity, we shall consider this point under authority of Wagley v. Fambrough, 140 Tex. 577, 169 S.W.2d 478. As we understand the point, it is that

appellant's rights were so clearly exemplified by the assignment contained in the letter which one of the garnishees pled it had received from Zimel that there really should have been no controversy, that the garnishees should have merely answered that they did not owe Zimel anything. This point is overruled because it is well settled that a garnishee, faced with conflicting claims to funds admittedly owing by him, has not only the right but the duty to interplead the adverse claimants. Having no interest in the controversy, there is no sound reason why he should be required to assume the risk of deciding correctly which is entitled to the funds. 20–B Tex.Jur. 359, "GARNISHMENT" Sec. 129. Moreover, it is desirable thus to avoid a multiplicity of suits, Clegg v. Varnell, 18 Tex. 294, 304.

■ Appellant's fourth point of error on appeal, "No evidence for the default judgment", is understood by us to mean that we are urged to reverse this judgment because there is no evidence to support it. In the absence of a statement of facts, or of findings of fact and conclusions of law, "we must test the validity of the judgment on the assumption that the trial court found every disputed fact in such a way as to support the judgment here rendered." Construction and General Labor Union Etc. v. Stephenson, 148 Tex. 434, 225 S.W.2d 958, 960. Point four is also overruled.

For the reasons hereinabove given, the judgment is reversed and remanded for another trial.

Reversed and remanded.

## ON MOTIONS FOR REHEARING

■ Appellant's motion for rehearing is overruled. However, we are reminded thereby of a portion of our opinion which lacks clarity. In overruling appellant's first point of error and in holding that the absence of oath to the application for garnishment was waived, we did not mean to hold that appellant had waived this defect. Not being before the court, and not know-

ing of the defect, he could not waive it. However, he does not show either that he was prejudiced by the waiver by the garnishees, or that he was such a party to the garnishment proceedings as would give him a right to complain of such waiver.

The appellees, Mills Brokerage Company and William Priddy, who were the garnishees, have filed a motion for rehearing in which they complain of our holding that the interpleader part of the proceeding was an action *in personam*, making the service of citation on appellant in Colorado ineffective to bring him before the court. Garnishees say that they should not be held to the strict rules relating to tender or payment of the fund into court required in interpleader cases, saying there is a difference between an interpleader suit, brought as such, and a garnishment suit where there are conflicting claims to the garnished fund.

We recognize this distinction, but point out that, strictly speaking, the appellant was not made a party to the garnishment suit. In their answer to the writ the garnishees allege that the Mills Brokerage Company received a letter indicating that any sums owing by it to the original defendant, Sidney Zimel, had been assigned to appellant Jim Cockrum; that if the assignment was effective they were not indebted to Zimel, but that if the assignment was not effective they were indebted to Zimel. But nowhere in the answer did they ask that appellant be made a party.

Following the garnishees' said answer was a pleading denominated "Bill of Interpleader by Defendant, Mills Brokerage Company against Jim Cockrum," in which

appellant Jim Cockrum is made a party. There is a prayer that citation be issued and that upon the hearing the court determine whether "this Cross-Plaintiff is obligated to pay the sum of $6,476.36 to the Cal-Zona Corporation, Inc., or to Jim Cockrum and that it be exonerated from any other liability," etc. We adhere to the view expressed in our main opinion that the rules relating to the tender or payment of the fund in question into court apply the same as if this were a completely separate interpleader suit not connected with a garnishment proceeding.

Counsel for the garnishees say that if the court had jurisdiction to adjudicate the rights of Zimel in and to the fund, it had jurisdiction to adjudicate that appellant, after being cited by non-resident notice, had no title to the garnished fund, adding: "If such were not so, no adjudication of title to garnished funds could ever be made if one or more of the claimants should be outside of Texas, and not available for service within the state. The law does not produce such a result." We are not called upon to determine whether, if garnishee had paid the money into the registry of the court, or otherwise definitely committed itself to do so, this interpleader suit would have been an action *in rem* in which appellant, being served in Colorado, would have been required to appear and set up his claim to the fund, or whether the garnishee could have properly filed an interpleader action in federal court under the provisions of 28 U.S.C.A. § 1335, for these matters are not raised by the record before us.

Both motions for rehearing are overruled.

Overruled.